*David Sheeks*, for the appellant.

*S. H. Buskirk, J. E. McDonald*, and *A. L. Roache*, for the appellee.

---

## WANTLAN v. WHITE.

A volunteer in the army of the *United States*, as a private, who is under the age of eighteen years, can not be compelled to continue in the service by virtue of his enlistment.

Since February 13, 1862, no consent of any one can give power to enlist a minor under the age of eighteen years.

And such a minor, so enlisted, and restrained by officers against his will, could probably maintain an action for damages against such officers.

The provision in the act of Congress, that the oath of enlistment

taken by a recruit shall be conclusive as to his age, can not operate to conclude the parent or guardian of such recruit, if a minor, under the age aforesaid, nor to authorize the officers to retain him without the consent of such parent or guardian.

*Semble*, that it is not competent for the legislative power to declare what shall be conclusive evidence of a fact.

APPEAL from a decision upon a writ of *habeas corpus.*

PERKINS, J.—The question in this case is, whether a volunteer in the army of the *United States*, as a private, who is under eighteen years of age, can be held to the service by virtue of his enlistment; and the Court is unanimously of the opinion that he can not be so held.

If he is to be regarded as a militiaman, in the service by the call of the President, he can not be held, because he is not a person subject to the Executive call under the Constitution and the acts of Congress. The President has never been authorized to call any but militia; and militia has always been defined, both by Congress and the State, to be citizens between the ages of eighteen and forty-five. See the State Constitution, and Brightly's Digest, p. 619.

But volunteers are not, technically, militia, within the meaning of the Constitution and laws, but a branch of the " army of the *United States.*" *Kerr* v. *Jones*, at this term.

The present volunteers in the army of the *United States*, considered in distinction to that portion of the army called regulars, (who are also obtained as volunteers,) were raised, mainly, under acts of Congress of 1861, which authorized the President " to accept the services of volunteers," but prescribed no limit as to the age of the volunteer. Acts Special Session, pp. 21 and 24.

Under these statutes, it is contended, with plausibility, that a person of any age may enlist, with the consent of the officer on the one part, and those who would, at common law, have power to consent on the other; and this might be correct, had not the government, which confers powers upon

the recruiting officers, limited these powers, by instructions, forbidding them to receive any one under eighteen years of age. But however this may be, it is not material to decide the point here, as, before the enlistment now in question was made, Congress interfered to remove all uncertainty in the matter.

Volunteers under the statutes named, before they become soldiers, have to be mustered into the service of the *United States;* and, on the 13th day of February, 1862, Congress enacted a law " that hereafter, no person under the age of eighteen years shall be mustered into the *United States'* service." This provision, of course, applies to all enlistments of volunteers from the date of the act, as acts of Congress take effect from their passage. Acts of 1862, p. 339.

From the 13th day of February, 1862, then, no consent could give power to enlist a minor under the age of eighteen, or could validate such enlistment while the minor continued under eighteen. A minor so enlisted, and afterward held in restraint, by officers, against his will, would probably have a cause of action for damages against the officers so holding him.

But the section further provides that, " the oath of enlistment taken by the recruit shall be conclusive as to his age." As to what the oath of enlistment is, see Brightly's Digest, p. 74, sec. 183.

Now, it is difficult to see how the oath of a boy that he is eighteen years old can make him so, if, in fact, he has not been in existence eighteen years; and it has been held, and it would seem that the decision must be correct, that it is not competent for the legislative power to declare what shall be conclusive evidence of a fact. See the cases in Blackwell on Tax Titles, p. 100, *et seq.*

Such declaration would seem to be a judicial act in each given case. But however this may be, the legislative declaration in this case can not operate to include the parent or

Wantlan *v.* White.

guardian of the minor, and authorize the officer to retain him against the consent of such parent or guardian; and the case at bar does not require us to go beyond this.

It is ordered that the boy in the case be discharged.

*T. A. Hendricks* and *Oscar B. Hord,* and *R. L. Walpole,* for the petitioner.

*J. S. Scoby,* for the officer.