*James C. McIntosh* and *Dye & Harris*, for appellee.

---

## WHITE *v.* FLYNN and Another.

TAX TITLE—EFFECT OF DEED.—It seems not competent for the legislature to make a deed of land sold for taxes conclusive evidence of the facts therein recited. 1 G. & H. 108–109.

SAME.—The recitals in a deed of land sold for taxes must be within the scope of the power of the officers by whom they are made.

SAME.—The recital that certain facts appear from the records of the auditor's office is not equivalent to the recital that they exist.

APPEAL from the *Bartholomew* Common Pleas.

*Per Curiam.*—In this suit, the defendant sought to hold lands by virtue of a tax title. He relied on his tax deed. The court seems to have held it conclusive evidence of title under the recitation in the deed thus: "And it appearing from the records of said county auditor's office that the aforesaid lands were legally liable for taxation, and had been duly assessed and properly charged on the duplicate," etc. See 1 G. & H. 108, 109.

The statute enacts that the deed shall be conclusive evidence of the facts recited, etc. Now, we do not suppose the legislature could make such an enactment. See *Wantlan* v. *White*, 19 Ind. 470. But, supposing they could, the recitation quoted is only of the fact that it appears on the records of the auditor's office that certain things had been done, etc., all which might be true, and yet not be true, that those things had, in fact, been done. Nor would it be within the scope of the powers of those officers to recite that such things, in fact, had been done. The recitals in deed must be within the scope of the powers of the officers making them. The plaintiff replied that there was personal property on the lands that was not called for, etc., to pay the taxes, etc.

The court held this could not affect the validity of the title. The rulings of the court below were wrong. See *Gavin* v. *Shuman et al.*, at this term, and 1 Selden (N. Y.) R. 366; also, 14 Ind. 465.

The judgment is reversed with costs. Cause remanded.

*Francis T. Hord,* for appellant.

*Stansifer & Herod,* for appellee.

Counsel for appellant argued: That each and every step from the appointment of the assessor to the sale is an independent act, and should be averred; and cited Blackwell on Tax Titles, 584–596, and 178–183; 2 Blackf. 421; 6 Blackf. 36; 8 Blackf. 335; 4 Blackf. 258; *Id.* 70; *Id.* 294; 5 Blackf. 40; *Id.* 98; 11 Ind. 3; 4 Ind. 132; 1 Ind. 542; 2 Ind. 649; 17 Ind. 309; *Id.* 214.

It is not competent for the legislature to say what shall be conclusive evidence of a fact, and cited *Wantlan* v. *White,* 19 Ind. 471; Blackwell on Tax Titles, 101–107.