Heagy *et al. v.* The State, *ex rel.* Forkner, Auditor.

.HEAGY ET AL. *v.* THE STATE, EX REL. FORKNER, AUDITOR.

'COUNTY TREASURER.— *Bond.* — *Taxes.* — *County Auditor.* — *Relator.* — The county auditor was, by the act of 1872, concerning taxation, section 185, the proper relator in a suit on a county treasurer's bond for failure to account for and pay over taxes collected.

SAME.—*Evidence.*—*Settlement Sheet.*— *Estoppel.*—*Constitutional Law.*—*Repeal of Statute.*—The act of December 21st, 1872, making the stated account with the county treasurer conclusive evidence against the treasurer and his sureties, was repealed, by necessary implication, by the act of March 31st, 1879; and the latter act, made to operate retrospectively, was within the power of the Legislature to pass.

PRACTICE.—*Cross-Examination.*—*Supreme Court.*—Where a cross-examining question is excluded, it is not necessary in order to make an available question in the Supreme Court, that the evidence expected to be elicited shall be stated to the trial court.

SAME.—*Argument of Counsel.*—In civil causes, where there are no questions of fact in the evidence, the court may refuse to permit argument to the jury.

From the Madison Circuit Court.

*W. R. Pierse, C. B. Gerard, H. D. Thompson, J. W. Sans-berry, E. P. Schlater, M. S. Robinson* and *J. W. Lovett*, for appellants.

*R. Lake, J. A. Harrison, W. March, C. L. Henry* and *H. C. Ryan*, for appellee.

ELLIOTT, C. J.—The question which first requires consideration is, whether the auditor of the county is the proper relator in an action upon the official bond of the county treasurer where the breach alleged is the failure to account for and pay over taxes. The answer to this question is made by section 185 of the tax law of 1872, which reads thus: '" In any such case, the county auditor, on being instructed to that effect by the Auditor of State, or by the board of county commissioners, shall cause suit to be instituted against such county treasurer and his sureties." 1 R. S. 1876, p. 117. The complaint in the present action shows that the relator was the auditor of Madison county, and that he was instructed by the

Heagy *et al. v.* The State, *ex rel.* Forkner, Auditor.

Auditor of State to bring the action. There can be no doubt that he is the proper relator.

Appellee called and examined a witness, and the appellants, upon cross-examination, propounded several questions which the court refused to allow the witness to answer. The appellee argues that, as the appellants did not make offer of what the witness would testify, no question is presented. It is the rule, where a party is examining his own witness, that he must state to the court what facts he can and will prove if the evidence is ruled admissible. This rule does not apply where questions are asked upon cross-examination. The cross-examining party is not bound to state what facts he expects the witness to prove.

We think the testimony sought to be elicited by these interrogatories was relevant and material. The appellee had introduced in evidence a certified settlement sheet, and the testimony sought by the excluded questions was in explanation, and perhaps in contradiction, of the statements of that sheet. We can readily see that the testimony might have exerted a controlling influence upon the case. It is fairly inferable that it would have greatly lessened the burdens of the appellants who were sureties upon the bond of the treasurer who had failed to pay over the taxes collected by him. The court erred in denying the appellants the right to have answers made by the witness to the questions propounded by them upon cross-examination.

The appellants at the proper time asked leave to make an argument to the jury in behalf of their clients. This request was denied. The theory upon which the court proceeded evidently was that the settlement sheet estopped appellants from denying any of the statements it contained. If the report and settlement did operate as an estoppel, then, doubtless, there was no question of fact to be argued, and we suppose that in civil actions, where all the questions are purely of law, entirely unmixed with questions of fact, the court may decline to permit counsel to address the jury. Under the decisions

of this court, as they stood at the time of the trial, the trial court ruled rightly in declaring the report to estop the treasurer and his sureties. Those decisions have been overthrown. The case of *Ohning* v. *City of Evansville*, 66 Ind. 59, expressly overrules them, and establishes a radically different doctrine.

It is but just to say that it is apparent that the judge who tried the case was influenced and controlled in his ruling excluding the evidence to which we have referred by the doctrine of the cases overturned in *Ohning* v. *City of Evansville*, *supra*.

Judgment reversed.

## On Petition for a Rehearing.

ELLIOTT, J.—In the argument upon the petition for a rehearing, our attention is called to a provision in the act of December 21st, 1872, which reads as follows: "The stated account of the treasurer against whom an action is brought, certified by the Auditor of State, as truly transcribed from the account current against such treasurer on the books of said auditor's office, authenticated by the State seal, shall be conclusive evidence of the demand of the State against such treasurer and his sureties," and we are asked to hold that this statutory provision makes the stated account conclusive evidence upon all matters embraced in it.

It is very doubtful whether the Legislature can enact a statute declaring what shall constitute conclusive evidence. *Wantlan* v. *White*, 19 Ind. 470 ; *White* v. *Flynn*, 23 Ind. 46 ; Cooley Const. Lim. 454. But we do not find it necessary to make any decision upon that point.

We think the provision relied on was not in force at the time of the trial. An act was passed on the 31st of March, 1879, which declares that settlements made by officers shall not be conclusive. It is true that this act does not in terms repeal the earlier statute, but there is an inconsistency that can not be reconciled. It is evident that the Legislature meant to do what the court has done, overturn the doctrine

of estoppel as declared in the case of *State, ex rel.,* v. *Grammer,* 29 Ind. 530, and leave the officers' account open for investigation in cases of fraud or mistake.

The second section of the act provides that "the provisions of the preceding section shall extend to all persons who have been, as well as those who now are, and shall hereafter be, county, township, or school officers." Acts 1879, p. 108. This provision is sufficiently comprehensive to embrace the case in hand, and the only question is as to the power of the Legislature to adopt such an act.

Public funds belonging to governmental subdivisions of the State are so much within the control of the Legislature, that it is not easy to assign limits to the legislative authority over them. *City of Indianapolis* v. *Indianapolis Home, etc.,* 50 Ind. 215. But we do not care to investigate this question now, for we think it plain that if the question were between private individuals, instead of between the State and its officers, the Legislature would have the power to change the rules of evidence.

There are many cases holding that it is within the power of the Legislature to change the rules of practice and of evidence. Cooley Const. Lim. (4th ed.) 353, 457, 460. This author, in speaking of rules of evidence, says: "Like other rules affecting the remedy, they must therefore at all times be subject to modification and control by the Legislature ; and the changes which are enacted may lawfully be made applicable to existing causes of action, even in those States in which retrospective laws are forbidden." This principle has been recognized by this court, and in a very recent case applied to a prosecution for felony. *Robinson* v. *State,* 84 Ind. 452; *Dinckerlocker* v. *Marsh,* 75 Ind. 548.

Petition overruled.