The State, *ex rel.* Hord, Att'y General, *v.* Board Comm'rs of St. Joseph Co.

No. 10,713.

THE STATE, EX REL. HORD, ATTORNEY GENERAL, *v.* BOARD OF COMMISSIONERS OF ST. JOSEPH COUNTY.

SCHOOL FUNDS.—*Tuition.*—*Misappropriation.*—*Statute of Limitations.*—*Office and Officers.*—*Fees.*—The statute of limitations of 1852 does not bar a recovery against a county for misappropriation of funds donated by the Constitution and laws exclusively to tuition in the common schools; and the appropriation of any part of it to the payment of officers' fees for collecting or managing the funds is wholly unauthorized, and a violation of a trust which it is not in the power of a county to deny.

From the St. Joseph Circuit Court.

*F. T. Hord,* Attorney General, for appellant.

*A. Anderson,* for appellee.

HAMMOND, J.—The Attorney General, October 23d, 1882, filed the following claim before the county board of St. Joseph county:

"*William D. Smith, Esq., Auditor of St. Joseph County, Indiana:*

"DEAR SIR: Under the school law of 1855 the income derived from interest on loans of the common and congressional school funds, together with the tax collected for common school purposes, must be used exclusively for tuition in the common schools of the State; and, whereas, a part of the revenues so collected in St. Joseph county have been diverted from the purpose set forth, viz.:

"To the payment of officers' fees for managing and disbursing the same (which fees should have been paid out of county funds), as follows:

| | | | | | |
|---|---|---|---|---|---|
| Com'rs' Record 4, p. 102, cong'al school interest . | | | | $ 60 | 74 |
| " " " 103, common " " | | | | 37 | 80 |
| " " " 154, common and congressional school interest . . . . | | | | 123 | 15 |
| Com'rs' Record 4, p. 222, cong'al school interest . | | | | 75 | 19 |
| " " " 224, common " " | | | | 46 | 27 |
| " " " 256, common and congressional school interest . . . . | | | | 135 | 65 |

Com'rs' Record 4, p. 530, common and congressional

school interest . . . .    84 88

Total . . . . . . . . . . . . . . . . . .$563 68

" I also find, upon examining the settlements made by your treasurer with the Treasurer of State, that fees for collecting the school tax were charged and withheld at settlement as follows:

April, 1856 . . . . . . . . . . . . . . . . . .$  99 04
April, 1857 . . . . . . . . . . . . . . . . . .   98 15
April, 1858 . . . . . . . . . . . . . . '. . . . .   96 12
April, 1859 . . . . . . . . . . . . . . . . .   89 42
April, 1860 . . . . . . . . . . . . . . . . . .  142 55
April, 1861 . . . . . . . . . . . . . . . . . .  133 34

Total . . . . . . . . . . . . . . . . . .$658 62
Less amount charged to State . . . . . . .   92 54

$566 08

" You are hereby respectfully requested to issue your warrant upon the county treasurer in my favor for $563.68, the same to be receipted back into the treasury, to the credit of school revenue, for distribution in St. Joseph county, and for $566.08 to be by me paid to the Treasurer of State to credit of State school revenue.          D. P. Baldwin,

"Attorney General of Indiana."

The county board refused to allow the claim. The Attorney General appealed to the court below. The appellee answered in three paragraphs. The first was the six years, the second the fifteen years, and the third the twenty years statute of limitations; each alleged that the appellant's cause of action did not accrue, within the period named, before September 19th, 1881: The appellant's demurrer to each paragraph of the answer was overruled, and an exception taken. The appellant declining to amend, judgment was rendered "that the plaintiff take nothing by this action, and that the defendants recover of the plaintiff their costs."

The overruling of the demurrer to the answer, and the rendering of judgment in favor of the appellee for costs, are assigned as errors.

As no exception was taken to the judgment for costs, the record presents no question upon that point.

The only question before us is whether the appellee's answer, or any paragraph of it, stated facts sufficient to bar the appellant's action.

Prior to the present code, which went into force September 19th, 1881, the State was barred by the limitations of actions the same as persons. Section 224, 2 R. S. 1876, p. 129. And where an action is fully barred by a statute, its repeal does not revive the cause of action.

The funds referred to in the appellant's claim are what are denominated "school revenue for tuition." It appears from this claim, which is not denied by the answer, that the officers' fees for managing and disbursing that part of the fund derived by interest from the "common school fund" and from the "congressional school fund," were paid out of such tuition fund; and that the treasurer's fees for collecting the school tax were paid out of the same.

Section 3, of article 8 (sec. 184, R. S. 1881), of the Constitution of the State, provides that the income, which is the interest, of the common school fund, "shall be inviolably appropriated to the support of common schools, and to no other purpose whatever."

Section 6, of the same article (sec. 187, R. S. 1881), provides that "The several counties shall be held liable for the preservation of so much of the said fund as may be intrusted to them, and for the payment of the annual interest thereon."

Section 7, of the same article (sec. 188, R. S. 1881), provides that "All trust funds held by the State shall remain inviolate, and be faithfully and exclusively applied to the purposes for which the trust was created."

By sections 1 and 2, of the common school law of 1855, 1 G. & H. 542–3, the income of the common school fund, and the taxes levied and collected for tuition, were required to be applied exclusively to furnishing tuition in the common schools of the State. The same provisions, substantially, are con-

tained in the school law of 1865, still in force. Section 4325, R. S. 1881.

Provisions are made for payment out of the county fund of the fees of officers for collecting, managing and disbursing the tuition fund. Sections 5909, 5927 and 5928, R. S. 1881.

From the constitutional and statutory provisions above referred to, it is manifest that with reference to common school funds the State and the county act simply as trustees for the benefit of the school children of the State. We think that the above provisions are entirely inconsistent with any statute of limitations that can be relied upon to protect the county from the execution of its trust. It can not repudiate or disavow its trust; and, where, as in the present case, it misappropriates common school funds, no failure of the proper officials to bring suit for any length of time, after notice of the misappropriation, can be set up by way of limitation to the action, to the prejudice of the beneficiaries of the trust.

Our conclusion is that the statute of limitations is inapplicable to this case.

Judgment reversed, with instructions to the court below to sustain the demurrer to each paragraph of the answer.