The Board of Comm'rs of Rush Co. *v.* The State, *ex rel.* Hord, Att'y Gen'l.

No. 12,333.

THE BOARD OF COMMISSIONERS OF RUSH COUNTY *v.* THE
STATE, EX REL. HORD, ATTORNEY GENERAL.

SCHOOL FUND.—*Expense of Management.*—The Constitution requires the counties to bear the expense of managing the school fund.

SAME. – *Action Against County.*—An action will lie against a county for money paid out of the school fund to its officers for managing such fund.

SAME.—*Direct Trust.—Statute of Limitations.*—The county in receiving and disbursing the school fund acts as the trustee of a direct trust, and against such a trust the defence of the statute of limitations can not be interposed.

SAME.—*Settlement Between Board of Commissioners and County Officer Does not Conclude State.*—A settlement between the board of commissioners and a county auditor, or other county officer, does not conclude the State from maintaining an action to récover school funds unlawfully paid to an officer by the board.

FORMER ADJUDICATION.— *Different Causes of Action.*— There can be no former adjudication where the causes of action are different.

From the Rush Circuit Court.

*B. L. Smith* and *W. J. Henley*, for appellant.
*F. T. Hord*, Attorney General, for the State.

ELLIOTT, J.—This action was instituted by the Attorney General to recover from the county of Rush divers sums of money which from time to time it had paid for collecting and disbursing the school fund.

The Constitution requires the counties to bear the expense of protecting, investing and collecting the school fund. Whatever sums they pay to their officers for managing the fund they must account for to the State. *State, ex rel.,* v. *Board, etc.,* 90 Ind. 359; *Vanarsdall* v. *State, ex rel.,* 65 Ind. 176, see p. 184. For money paid out of the school fund to its officers for managing the school funds, an action will lie against the county.

The answer of the appellant, interposing the statute of limitations as a defence, is not good. The county, in receiv-

ing and disbursing school funds, acts as a trustee, and it is a familiar rule that the trustee of a direct trust, when sued by the beneficiary, can not successfully interpose the defence of the statute of limitations. The trust in this case is a direct one, for the fund is set apart by positive law as a trust fund. It is not merely an implied trust, but it is a trust created for a high and important purpose. If it were a mere implied trust, then the statute of limitations would be available as a defence. *Newsom* v. *Board, etc., post,* p. 526. It is, however, more than a trust by implication, for it is one expressly created and carefully guarded by law. In *State, ex rel.,* v. *Board, etc., supra,* it was held, as we now hold, that against such a trust the defence of the statute of limitations can not be successfully interposed. That case is precisely like the present.

The fund set apart for the common schools is a trust fund of a class and character that can not be diverted, directly or indirectly, to any other purpose than that to which it is devoted by express law. *State, ex rel.,* v. *Board, etc., supra; People* v. *Board of Education,* 13 Barb. 400; *Collins* v. *Henderson,* 11 Bush, 74; *City of Hoboken* v. *Phinney,* 29 N. J. L. 65. As the school fund is expressly made a trust fund, the decision in *Moore* v. *State, ex rel.,* 55 Ind. 360, is not in point.

A settlement between the board of commissioners and a county auditor, or other county officer, does not conclude the State from maintaining an action to recover school funds unlawfully paid to an officer by the board. Such a settlement does not even conclude the county from maintaining an action against a defaulting or delinquent officer. *Hunt* v. *State, ex rel.,* 93 Ind. 311.

A claim was filed some years prior to the commencement of this action against the county for money paid to its officers, and a judgment was recovered in that action, but, as the special finding states, "None of the items sued for in the first case are the same as those sued for in this action, and that the

causes of action are not the same, but different." It is too clear to require discussion that this finding overturns the appellant's argument that there was a former adjudication of the matter in controversy.

Judgment affirmed.

Filed Nov. 5, 1885.