Filed April 21, 1886.

---

No. 12,264.

## THE BOARD OF COMMISSIONERS OF JACKSON COUNTY *v.* THE STATE, EX REL. HORD, ATTORNEY GENERAL.

COUNTY COMMISSIONERS.—*Pleading.*—Where a claim filed before the county commissioners will invoke the jurisdiction of the board over the subject-matter, it is sufficient.

SCHOOL FUND.—*Action by State.*—*Statute of Limitations.*—In an action to recover school funds, the State is not barred by the statute of limitations.

The Board of Comm'rs of Jackson Co. *v.* The State, *ex rel.* Hord, Att'y Gen'l.

SAME. — *Unlawful Payment to Officers.* — *Settlement Between County Commissioners and Officers.* — *State not Concluded.* — A settlement between the board of commissioners and a county officer does not conclude the State from maintaining an action to recover school funds unlawfully paid to such officer.

From the Jackson Circuit Court.

*B. H. Burwell,* for appellant.

*F. T. Hord,* Attorney General, for the State.

ZOLLARS, J.—The Attorney General prosecutes this action in behalf of the State, to recover from Jackson county an amount of the school fund which, as alleged, was applied to the payment of officers' fees for collecting and disbursing the common and congressional school funds.

The claim filed was the same in form as that set out in the case of *State, ex rel.,* v. *Board, etc.,* 90 Ind. 359. The claim came before the board of commissioners of Jackson county, was passed upon by that body, was disallowed, and the county auditor was directed not to draw his warrant for the amount claimed, nor for any part thereof. The State appealed to the circuit court. In that court, appellant, by its counsel, demurred to the claim, designating it a complaint. The demurrer was sustained, and, upon leave of court, an amended complaint was filed. Subsequently, appellant, by counsel, moved to strike it out, upon the ground that there had been "no sufficient complaint before the board of commissioners." This motion was overruled. That ruling is assigned here as error.

It is not necessary for us to determine as to whether or not the claim before the county board was sufficient in form. It came before that body, and was recognized as a basis upon which to rest an adjudication. It was, at least, sufficient to invoke the jurisdiction of the board over the subject-matter. See *Board, etc.,* v. *Graham,* 98 Ind. 279.

No question has been made as to the sufficiency of the amended complaint. The court did not err in overruling the motion to strike it from the files.

The funds were so appropriated to the payment of fees in

the years 1856 to 1862, both inclusive. By proper answers, appellant raised the question as to whether or not the six, fifteen and twenty years statutes of limitations had not barred a recovery.

This question has been considered by this court in recent cases, where it was decided that in an action for the recovery of the school funds, the State was not barred by the statutes of limitations, although prior to the code of 1881 those statutes generally barred the State, the same as individuals. It would not be profitable to restate here the grounds upon which those decisions are based. It is sufficient to cite the cases. *State, ex rel., v. Board, etc., supra; Board, etc., v. State, ex rel.,* 103 Ind. 497.

The contention of appellant's counsel, that the settlements between the officers and board of county commissioners are a bar to a recovery in this action, is fully met and overthrown by the decisions of this court. Here, again, it is sufficient to cite the cases. *Board, etc., v. State, ex rel., supra; Heagy v. State, ex rel.,* 85 Ind. 260; *Hunt v. State, ex rel.,* 93 Ind. 311; *Searcy v. State, ex rel.,* 93 Ind. 556.

After an examination of all of the questions discussed by counsel for appellant, we are constrained to hold that there is no error in the record, and that the judgment should be affirmed.

Judgment affirmed, at appellant's costs.

Filed April 23, 1886.