No. 12,378.

THE BOARD OF COMMISSIONERS OF PUTNAM COUNTY *v.*
THE STATE, EX REL. HORD, ATTORNEY GENERAL.

COMMON SCHOOL FUND.—*Action by State to Recover.*—*Statute of Limitations.*—
The statute of limitations is not available as a defence to an action by the State, against a county, to recover the amount of fees erroneously paid out of the common school fund to county officers for collecting and disbursing the same.

From the Putnam Circuit Court.

The Board of Comm'rs of Putnam Co. v. The State, ex rel. Hord, Att'y Gen'l.

*J. J. Smiley, W. G. Neff* and *J. L. Myers,* for appellant.
*F. T. Hord,* Attorney General, *H. H. Mathias* and *W. B. Hord,* for appellee.

HOWK, C. J.—This was an appeal to the circuit court from an order of the board of commissioners of Putnam county, rejecting and refusing to allow a claim against such county, filed by the State of Indiana, on the relation of its Attorney General. In the court below, the appellee filed an amended claim or complaint, to which the appellant answered in two paragraphs; whereof the first was a general denial, and the second paragraph was, in effect, a plea that appellee's cause of action had not accrued within twenty years prior to the commencement of this suit. Appellee's demurrer was sustained by the court to the second paragraph of answer. The cause was tried by the court, and, at appellant's request, the court made a special finding of the facts, and thereon stated, as its conclusion of law, that appellee was entitled to recover the amount of its claim and interest. Over appellant's exceptions to the conclusions of law, judgment was rendered in accordance therewith.

In this court, appellant has assigned a number of errors, but the only one discussed by its counsel, in their brief of this cause, is the alleged error of the court in sustaining appellee's demurrer to the second paragraph of answer.

Appellee sued to recover the amount of certain fees and commissions, which the appellant, as alleged, had erroneously allowed and paid to its county officers, out of the common school funds, instead of out of the county revenue, for collecting and disbursing such common school funds in the years 1855, 1857, 1858 and 1859. To appellee's claim or complaint, as we have seen, appellant interposed a plea of the statute of limitations, as the second paragraph of its answer, and to this paragraph of answer appellee's demurrer was sustained by the court. Appellant's counsel insist very earnestly that this ruling of the court was and is erroneous. This

precise question has recently been considered by this court, in several cases, and it has been uniformly held that the statute of limitations will not constitute any valid or sufficient defence to such a claim or cause of action as the one sued upon in this case. Thus, in *State, ex rel.,* v. *Board, etc.,* 90 Ind. 359, after citing and quoting the provisions of our laws, constitutional and statutory, in relation to our common school funds, and the trust thereby imposed upon the several counties of the State in regard to such funds, the court said: " We think that the above provisions are entirely inconsistent with any statute of limitations that can be relied upon to protect the county from the execution of its trust. It can not repudiate nor disavow its trust; and, where, as in the present case, it misappropriates common school funds, no failure of the proper officials to bring suit for any length of time, after notice of the misappropriation, can be set up by way of limitation to the action, to the prejudice of the bene- ficiaries of the trust."

What we have quoted from the opinion of the court, in the case cited, is directly in point in the case under consideration, and meets our full approval as an exact and correct statement of the law. In section 3 of article 8 of our State Constitution, it is declared as follows: " The principal of the common school fund shall remain a perpetual fund, which may be increased, but shall never be diminished; and the income thereof shall be inviolably appropriated to the support of common schools, and to no other purpose whatever." In section 6 of the same article of our Constitution, it is thus declared: " The several counties shall be held liable for the preservation of so much of the said fund as may be intrusted to them, and for the payment of the annual interest thereon."

Under these provisions of the organic and fundamental law of the State, it is very clear, we think, that no county can be permitted to pay any county officers, out of the common school fund or the income thereof, any fees or commissions for the collection or disbursement of such fund or income;

and where, as in this case, any such payments have been made, the county must be held liable for the amount thereof and interest thereon, without regard to lapse of time or the provisions of any statute of limitations. *State, ex rel.,* v. *Board, etc., supra,* has been fully approved and followed by this court in the more recent cases of *Board, etc.,* v. *State, ex rel.,* 103 Ind. 497, and *Board, etc.,* v. *State, ex rel., ante,* p. 270.

We conclude, in the case at bar, that the court committed no error in sustaining appellee's demurrer to the second paragraph of appellant's answer.

The judgment is affirmed, with costs.

Filed June 2, 1886.