Board of Comm'rs of Howard Co. v. State, ex rel. Michener, Att'y Gen'l.

No. 14,924.

THE BOARD OF COMMISSIONERS OF HOWARD COUNTY v.
THE STATE, EX REL. MICHENER, ATTORNEY GENERAL.

COMMON SCHOOL FUND.—*County Auditor's Statement.*—*Conclusive Character of.*—*Unconstitutional Act.*—The act of 1865 (Acts of 1865, Spec. Sess., p. 144), providing that the statement of the county auditors as to the amount of school funds held in trust by their respective counties, when approved by the superintendent of public instruction, "shall be taken as conclusive evidence of the facts therein contained," is unconstitutional.

From the Howard Circuit Court.

*M. Garrigus,* for appellant.

*L. T. Michener,* Attorney General, *J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellee.

ELLIOTT, C. J.—The act of December, 1865, requiring county auditors to examine the records in their respective offices for the purpose of ascertaining the amount of school funds held in trust, provides that reports shall be made to the county commissioners, and that copies of the reports shall be forwarded to the superintendent of public instruction, and that the statement of the auditor, when approved by that officer, "shall be taken as conclusive evidence of the facts therein contained." Acts of Special Session, 1865, p. 144.

The question which is presented to us by the record and by the argument of counsel, is as to the validity of that part of the statute which declares that the statements shall be conclusive. The relator's contention is, that the part of the statute assailed is unconstitutional.

. If the controversy were one between individual citizens it could be disposed of without difficulty, for it is well settled that the Legislature can not declare that an official report or document shall be conclusive evidence of the matters con-

tained in .it. *Wantlan* v. *White,* 19 Ind. 470; *White* v. *Flygn,* 23 Ind. 46; *Scott* v. *Brackett,* 89 Ind. 413; *Johns* v. *State,* 104 Ind. 557; Cooley Const. Lim., side pp. 368, 369. But here the question is one which concerns only public funds, in which individual citizens have no private interest, and the rule to which we have referred can not be strictly applied. The power of the Legislature over the funds of the State is very broad, and the only limitations upon its power are such as are embodied in the Constitution. If the question here concerned the general funds of the State, we should feel clear that the Legislature has the power to declare that an official statement, such as that provided for in the act under examination, shall be conclusive evidence of the truth of the matters stated in it.

The fund to which this controversy relates is, however, not a general one, but is a special one, set apart to a specific purpose and carefully guarded by constitutional limitations. The Constitution declares what shall constitute the fund, and ordains that " The principal of the common school fund shall remain a perpetual fund, which may be increased, but shall never be diminished; and the income thereof shall be inviolably appropriated to the support of the common schools, and to no other purpose whatever." Section 3, article 8. Another provision of that instrument is this : " The several counties shall be held liable for the preservation of so much of the said fund as may be intrusted to them." Section 6, article 8. These provisions have little need of judicial interpretation, for they are very clear, and all that can be done is to hold, as we have always done, that the fund must be devoted to the support of the common schools, without the diversion from it of a penny for any other purpose whatever. *Board, etc.,* v. *State, ex rel.,* 103 Ind. 497, and cases cited; *Board, etc.,* v. *State, ex rel.,* 106 Ind. 270; *Board, etc.,* v. *State, ex rel.,* 116 Ind. 329.

In *Board, etc.,* v. *State, ex rel.,* 103 Ind. 497, and in *Board, etc.,* v. *State, ex rel.,* 106 Ind. 270, it was held

that, where the controversy concerns school funds, settlements made with public officers are not conclusive, for the reason that the school fund is beyond legislative control. As the fund is placed by the Constitution beyond the power of the Legislature, it must follow that no act can be valid which attempts to prevent the proper authorities from reaching money belonging to that fund. As the Constitution, with force and emphasis, forbids the diminution of the fund, no steps can rightfully be taken by the Legislature which will directly or indirectly preclude the proper officers from securing all the money that belongs to the fund, or from compelling the counties to faithfully perform the duty enjoined upon them.

If money does belong to the fund, it must not, and can not, be withheld from it, and no legislation can be valid which declares that an officer's statement shall conclude the proper authorities from establishing the truth and securing the money for the fund into which the Constitution ordains that it shall go. The money due the school fund can not, by any legislative contrivance, be kept out of it, nor can any legislative scheme be framed that will conclude the courts from ascertaining the facts. No official statement can conclude the proper authorities and erect a barrier between them and the way to a recovery of money which the Constitution imperatively ordains shall inviolably and without diminution be preserved for school purposes.

Judgment affirmed.

Filed Oct. 11, 1889.