LITTLE *v.* RITCHEY ET AL.

[No. 29,973. Filed April 25, 1961.]

*Samuel E. Beecher, Jr.,* of Terre Haute, for appellant.

*Warren R. Everett* and *Everett & Everett,* of counsel, of Terre Haute, for appellees, Earl O. and Irma Miller.

ARTERBURN, J.—The appellant, Little, brought an action for possession of certain real property, basing title upon a tax deed.

The appellees, Earl O. Miller and Irma Miller, the owners of the real estate at the time of the tax sale, filed a petition to intervene, which was granted, and thereupon filed an answer to the complaint and a cross-complaint contesting the validity of the tax sale by the auditor of Vigo County, Indiana.

A trial was had by the court without intervention of a jury and judgment was entered in favor of appellees, which set aside and held for naught the alleged conveyance by tax deed. The trial court, upon the appellees' cross-complaint, decreed them the owners in fee-simple and fixed a lien for taxes, penalty and interest paid in the amount of $777.33 in favor of the appellant.

The evidence by stipulation and otherwise shows that on March 17, 1956 the auditor of Vigo County, Indiana certified the real estate in question as delinquent for

non-payment of taxes for the year 1955, with certain notations thereon as to taxes for 1956; that notice by registered mail had been sent by the treasurer on March 9, 1956 to the appellees at an address in Terre Haute, Indiana, but was returned to the treasurer by the postmaster unopened. Appellees were residing at the time in Clay County, Indiana. Notice of the sale of the property for delinquent taxes was published in the Terre Haute Tribune, a daily newspaper of general circulation in Vigo County, Indiana on March 17th, 24th and 31st, 1956 and also in the Terre Haute Star, a daily newspaper of general circulation in the same county on the same dates.

The sale took place on the second Monday in April at 10:00 o'clock a.m., 1956 in the court house, there being some controversy as to whether or not it was held at the south door in compliance with the statute. At that time the appellant bid the property in for the sum of $253.27. The redemption period having expired on April 10, 1958, the appellant, Ora Little, presented his certificate of purchase for the property and received a deed after the same was recorded in the Recorder's office of Vigo County, Indiana. In January, 1959 the appellees tendered the sum of $570.00 to appellant, which was refused, and paid the same in to the office of the clerk of Vigo County for the use of the appellant for the reimbursement of taxes paid on said property, with interest and penalty.

Appellant relies upon the statute (Burns' Ann. St., §64-2203 [1951 Repl.]), which states:

"The deed or conveyance of the land sold shall be conclusive evidence that the sale was regular and according to the requirements of law, and shall convey to the purchaser a clear and indefeasible title to the real estate sold."

On the other hand, the appellees contend that the legislature may not invade the power of the judiciary by decreeing what shall be *conclusive evidence* and thus bar a judicial inquiry into the irregularities, if any, which took place by which the appellant acquired the deed. Appellees point to evidence of a number of alleged irregularities that took place in the procedure for the tax sale, upon which the trial court nullified the same. One of these is the contention that the property was sold for taxes which were not yet delinquent for a period of fifteen months, as provided in Burns' Ann. St., §64-2203 (1951 Repl.), but in fact, was in part sold for taxes for 1955, payable in 1956, with the sale taking place the second Monday of April, 1956. This contention is supported by plaintiff's Exhibit I(b) which is a purported tax duplicate form by the treasurer's office which states: "FULL YEAR & DEL" and also states: "1955 TAXES DUE AND PAYABLE IN 1956." It is addressed to Earl O. and Irma Miller and also states:

"CURRENT YEAR _____ 108.94
DELINQUENT, PENALTIES, AND
    COST _____ 144.33
                                           ―――――
                                           253.27"

The total is the amount (including 1955 taxes payable in 1956) for which the property was advertised and sold. The 1955 taxes, payable in 1956 were not yet delinquent.

There are a number of other irregularities in the tax sale procedure which we need not consider in view of the position we take as to appellant's contention that the tax deed which he holds under the statute is conclusive evidence of his title.

We are not concerned in this case with a rebuttable presumption (or prima facie evidence) as distinguished

from a *conclusive* presumption. The legislature may determine what shall constitute prima facie evidence or a *rebuttable* presumption if there is a rational connection between such facts creating such a condition and the ultimate rebuttable conclusion. *Mogilner* v. *Metropolitan Plan Comm., etc. et al.* (1957), 236 Ind. 298, 140 N. E. 2d 220; 30 A. L. R. 8, 22-24 (1924); 31 C.J.S., Evidence, §115 (1942).

We are dealing here with a *conclusive* presumption. In such a case the legislature cannot constitutionally declare a tax deed conclusive evidence of a fact and thus deprive the court of the right to inquire behind the instrument as to its regularity. The function of determining whether mistake, error or fraud has produced an instrument which appears correct on its face, is a judicial act. *White* v. *Flynn* (1864), 23 Ind. 46.

One of the early cases establishing this principle in Indiana occurred during the Civil War. In that case the Congress of the United States by act provided that the oath of a recruit shall be conclusive evidence of his age. A youth under the age of eighteen enlisted in the United States Army. His parents, upon a refusal of the army to release him, brought a writ of habeas corpus in the state court. Be it said in favor of the judges at that time that they did not cringe before a show of federal authority, but unhesitatingly declared such an act of Congress unconstitutional and said: "the Court is unanimously of the opinion that he can not be so held." Ordering the army to release him, the court further said:

> "Now, it is difficult to see how the oath of a boy that he is eighteen years old can make him so, if, in fact, he has not been in existence eighteen years; and it has been held, and it would seem that the

decision must be correct, that it is not competent for the legislative power to declare what shall be conclusive evidence of a fact. See the cases in Blackwell on Tax Titles, p. 100, *et seq.*

"Such declaration would seem to be a judicial act in each given case." *Wantlan* v. *White* (1862), 19 Ind. 470, 471-72.[1] To the same effect see: *Board of Comm'rs of Howard Co.* v. *State, ex rel. Michener, Att'y Gen'l* (1889), 120 Ind. 282, 22 N. E. 255; 30 A. L. R. 8, 16-22 (1924) ; 85 C. J. S., Taxation, §962 (1954).

The judgment of the trial court is affirmed.

Achor and Jackson, JJ., concur.

Bobbitt, C. J., and Landis, J., concur in result.

NOTE.—Reported in 174 N. E. 2d 52.

1. Approximately ten years later the United States Supreme Court, in *United States* v. *Tarble* (1871), 80 U. S. 397, 20 L. Ed. 597, held that a state court had no right by habeas corpus to release a soldier from the United States army where he was under eighteen and had failed to obtain the consent of his parents to enlist. That court did not pass, however, upon the effect of a legislative attempt to create a "conclusive presumption."