GRADISON *v.* LOGAN.

[No. 19,392. Filed May 9, 1963. Rehearing denied June 7, 1963. Transfer denied October 9, 1963.]

*Johnson & Weaver* and *William H. Traylor,* both of Indianapolis, for appellant.

*Carl E. Stilwell* and *Robert Life,* both of Indianapolis, for appellee.

MOTE, P. J.—This is an action brought by appellee against appellant to quiet title to real estate against a tax deed. Appellant filed a counterclaim to quiet title based on the tax deed.

Lot 2 of Denwood Addition, Marion County, Indiana, which contains the real estate in question, was owned by John and Mildred Ramp. Part of this real estate lies outside the corporate limits of the city of Indianapolis; however, seventy-three (73) feet off the south end of the lot lies within the corporation limits. As a consequence the lot was assessed for taxes in two parcels.

Taxes were delinquent for the years 1949, 1950, 1951 and prior years and the entire lot was sold at auction to appellant on April 14, 1952.

Appellee obtained the real estate in question by warranty deed in the chain of title from John and Mildred Ramp.

On March 23, 1953, after the sale but prior to the issuance of a tax deed, appellee's preceding owner in the chain of title informed the county auditor that he wished to redeem said Lot 2 completely from the sale for taxes and inquired as to the amount of money necessary there-

for. Being advised that fourteen dollars and two cents ($14.02) was necessary a check dated March 24, 1953, in said sum, bearing a notation: "Complete tax redemption L 2 Denwood Addition" was delivered to the county treasurer, whereupon, the county auditor on March 25, 1953, issued a quietus. It appears, however, that the county auditor failed to advise that said Lot 2 was assessed in two parcels and that for "Complete tax redemption" he also should have furnished the information as to the amount necessary to redeem from tax sale the part of said Lot 2 lying within the corporation limits of the city. No quietus was furnished for that part of the lot subject to this litigation.

On April 15, 1954, appellant received and recorded a tax deed for real estate which included seventy-three (73) feet off the south end of said Lot 2.

On or about March 26, 1956, appellant, by letter from her attorneys, notified appellee's predecessor in title that she was the owner of the real estate under the tax deed, and inquired whether any interest was claimed therein. It appears that this letter furnished the first knowledge that appellant was asserting ownership. A search was made and it was ascertained that said real estate had been the subject of a tax sale as above set forth.

On June 13, 1956, appellee's predecessor in title requested appellant to execute a quit claim deed for the real estate in question and tendered the sum of twenty-nine ($29.00) dollars in cash to appellant. The request and tender were refused and the sum was paid into court for the use and benefit of appellant at the time of filing the original complaint on September 19, 1956.

Appellant answered the complaint in two paragraphs, (1) asserting that her tax deed was valid, and (2) the

action was barred by two statutes of limitation which provide:

"Limitation of action. — No action to contest the validity of any title acquired as a result of any sale of any real estate under this act shall be brought after the expiration of one (1) year from the date of the execution of the deed." (Acts 1941, ch. 224, Sec. 4, p. 714), §64-2212, Burns' 1951 Replacement.

"Sales, certificates and deeds legalized — Pending litigation excepted — Limitation on actions. All sales of real estate heretofore made to any county or other persons pursuant to chapter 224 of the Acts of 1941 . . . and all acts amendatory thereof, and all certificates and deeds heretofore executed by county auditors for any such real estate pursuant thereto are hereby legalized and rendered valid. Nothing in this section shall affect pending litigation. From and after the passage of this act, no action to contest the validity of any title acquired as a result of any sale of real estate so acquired by any county or other persons under said chapter 224 and acts amendatory thereof shall be brought after the expiration of one (1) year from the date of the execution of the deed to the county or other persons." (Acts 1947, ch. 309, Sec. 2, p. 1225), §64-2203a, Burns' 1951 Replacement.

Statutes governing tax sales and the steps leading up to them must be substantially complied with before an owner may be deprived of his property by such a sale. *Zilky et al.* v. *Carter* (1946), 116 Ind. App. 595, 66 N. E. 2d 285; *Creighton* v. *Schafer* (1947), 117 Ind. App. 518, 72 N. E. 2d 360. If these steps are not followed, a deed arising from such a sale may be set aside since the sale is invalid. *Allen* v. *Gilkison* (1921), 76 Ind. App. 233, 132 N. E. 12.

Appellant contends, and appellee concedes, that the tax deed carries with it *prima facie* evidence of its validity, as well as the sale preceding it. But, as stated

by Judge Arterburn, in *Little* v. *Ritchey et al.* (1961), 241 Ind. 587, 174 N. E. 2d 52:

> " . . . The legislature may determine what shall constitute prima facie evidence or a *rebuttable* presumption if there is a rational connection between such facts creating such a condition and the ultimate rebuttable conclusion. *Mogilner* v. *Metropolitan Plan Comm., etc. et al.* (1957), 236 Ind. 298, 140 N. E. 2d 220; 30 A. L. R. 8, 22-24 (1924); 31 C. J. S., Evidence, 3115 (1942)"
>
> "We are dealing here with a *conclusive* presumption. In such a case the legislature cannot constitutionally declare a tax deed conclusive evidence of a fact and thus deprive the court of the right to inquire behind the instrument as to its regularity. The function of determining whether mistake, error or fraud has produced an instrument which appears correct on its face is a judicial act. *White* v. *Flynn* (1864), 23 Ind. 46."

In light of the language in *Little* v. *Ritchey et al.,* *supra,* the *prima facie* evidence of title, in this case, was subject to rebuttal. Therefore, it follows that this court may look behind the instrument to the many omissions and defects in the statutory procedures leading to the tax sale, which are pointed out by appellee.

Indiana provides by statute for demand for taxes by the county treasurer, "by registered United States mail or by call either in person or by deputy, upon every person named in the tax duplicate who resides in the county, and who has not paid the taxes charged against him upon such duplicate, for the amount of such delinquent taxes . . . " (Acts of 1932 (Spec. Sess.), ch. 65, §4, p. 233), §64-1511, Burns' 1951 Replacement.

The record shows that there was no demand made on appellee for the unpaid taxes. In addition there were

many other omissions in the statutory procedures for the preparation and conduct of the sale for delinquent taxes.

Appellant, however, asserts that the two statutes of limitation bar an action attacking a tax deed if not commenced within one year from the issuance of the deed. Appellant concedes, however, that where a tax deed is a nullity *ab initio*, it cannot be protected by these statutes. Indeed, in a recent decision, *O'Donnel* v. *Krneta et al.* (1958), 238 Ind. 582, 154 N. E. 2d 45, in which no question was raised as to the procedure by which the alleged errors were presented to the court, Judge Arterburn, speaking for the Supreme Court, seems to have inferred, and there is the implication, that some defects in statutory procedure would render the statutes of limitation inapplicable:

"It is not urged in this case that the tax sale or deed was a nullity or that the statutes of limitation were tolled by reason of lack of notice, fraud or concealment."

It must follow, therefore, that lack of notice would be fatal as to the validity, not only of the sale, but would render the tax deed void *ab initio*, as well. In *O'Donnell* v. *Krneta, supra*, there was a contention that the auditor did not certify on his record the time and place of publication and posting of notice. The court held that the omission of this certification, in itself, would not prove that no notice was given, nor that the deed was a nullity *ab initio*. In the case at bar, however, the undisputed evidence shows that no statutory demand for delinquent taxes was made prior to the sale.

Appellant concedes, in her argument, that a jurisdictional defect in the proceedings would toll the statutes

of limitation. However, she contends that lack of this statutory demand is not to be classified as jurisdictional, but instead is a mere irregularity which cannot be asserted against a tax deed after one year.

We do not agree with this contention. In light of *O'Donnell* v. *Krneta, supra,* lack of notice is a jurisdictional defect and will render a statute of limitation inapplicable.

In the case of *Smith* v. *Swisher et al.* (1941), 109 Ind. App. 654, 36 N. E. 2d 945, where the county treasurer failed to send a registered letter or make a demand in person, as the statute provides, the court said:

" . . . it would appear that there was such an omission, *in the failure to give notice* to delinquent taxpayers, as would render the tax deed noneffectual and insufficient to convey title." (Our emphasis.)

This principle was reaffirmed in *Cebrat* v. *Baranowski* (1953), 123 Ind. App. 491, 112 N. E. 2d 231.

In view of the effort made by the record owner thereof for a "complete redemption" of said Lot 2, as shown by the record, it seems reasonable to presume that if the statutory demand for taxes had been made, the amount due would have been forthcoming and the litigation which followed would have been obviated. Considering the case law and the facts of this situation, we feel that the failure to make such demand is a jurisdictional defect.

It is true that the sale and the deed in question carried with them *prima facie* evidence of validity; it is likewise true that the Legislature cannot usurp the judicial function of determination in the matter of conclusive presumption. Since the trial court, without special findings and conclusions of law, decided that ap-

pellee should prevail, we think it follows that reversible error has not been demonstrated. The trial court could have found, and apparently did conclude, under the facts shown by the record, and applicable law, that the *prima facie* presumption was overcome; that the proceedings and deed were void, *ab initio,* which would put an end to appellant's rights under the so called "short" Statutes of Limitation.

We may say that, in our opinion, to hold otherwise might contribute to the deprivation of property rights without due process; property owners would be rendered insecure in their property rights and titles; mistake and fraud could abound to the injury of many.

In the instant case, appellant has suffered no loss as she has been provided with reimbursement of all moneys by her expended, together with the statutory penalties and interest.

Judgment affirmed.

Kelley, Hunter and Pfaff, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 29.