**Urbano ELIZONDO and Irma Elizondo, Appellants,**

v.

**Thomas I. READ and Jacqueline K. Read, husband and wife; Auditor of Marshall County; 1st Source Bank of South Bend, f/k/a First Bank and Trust, Appellees.**

**No. 50A040–8902–CV–00050.**

Court of Appeals of Indiana, Fourth District.

July 18, 1990.

Tom A. Black, Plymouth, for appellants.

William L. Fortin, Stevens Travis Fortin Lukenbill & Burbrink, James E. Easterday, Sowinski Easterday & Ummell, Plymouth, for appellees.

ON PETITION FOR REHEARING

MILLER, Presiding Judge.

The Auditor of Marshall County (defendant-appellee) petitions this court for a rehearing of our decision in *Elizondo v. Read* (1990), Ind.App., 553 N.E.2d 849, in which we held that a certified mailing of notice of the sale to property owners' "last known address," as required by Indiana statute [1], was inadequate to satisfy due process where mail was returned by the post office and the correct, current address was available to the auditor in the public records. Due process requires the auditor to provide actual notice to any party whose address is reasonably ascertainable as a constitutional precondition to a proceeding which will adversely affect the party's liberty or property interests. We grant rehearing to address a related issue which was not discussed.

The Auditor contends our decision was erroneous because the Elizondos' claim was barred by the absolute one year statute of limitations, as set forth by Ind.Code 6–1.1–25–17 [2], which provides:

Sec. 17. A person must initiate an action to contest the validity of one's title to real property claimed by virtue of a deed executed under section 4 of this chapter within one (1) year after the date

---

1. Ind.Code 6–1.1–24–4

2. I.C. 6–1.1–25–17 was repealed by P.L. 83–1989, Sec. 18.

the deed is executed. The title becomes absolute after the expiration of the one (1) year period, unless:

(1) the title has previously been held invalid by a court of competent jurisdiction; or

(2) an action contesting the validity of the title is pending when the time period expires.

Here, defendants-appellees Thomas I. Read and Jacqueline K. Read were the grantees of a Tax Title Deed issued by the Auditor of Marshall County on August 18, 1986 and recorded on August 19, 1986 in the Office of the Recorder of Marshall County. The Elizondos' complaint was filed in this cause on October 20, 1987. The Auditor argues the Elizondos' complaint was too late.

We disagree. In *United States v. 88.28 Acres of Land* (7th Cir 1979), 608 F.2d 708, the court of appeals (applying Indiana law) observed that a claim of title resting on a tax deed is not always highly regarded by the courts and may not be shielded by the statute of limitations. The court explained:

> Because purchasers at tax sales often pay only a small percentage of the true value of the land sold, the courts have been reluctant to disseize a delinquent landowner and have relied upon sometimes minor irregularities in the assessment of the tax or in the conduct of the tax sale in order to invalidate the deeds. *See Long v. Anderson*, 536 F.2d 739 (7th Cir.1976) (applying Indiana law).

*Id.* at 713.

This court has held that, when there has been a failure to give a delinquent taxpayer notice, the one year statute of limitation does not apply. *Smith v. Swisher* (1941) 109 Ind.App. 654, 36 N.E.2d 945. Lack of notice is fatal to the validity of a tax sale and renders the tax deed void *ab initio*. *Gradison v. Logan* (1963) 135 Ind.App. 185, 192, 190 N.E.2d 29, 31. "Lack of notice is a jurisdictional defect and will render a statute of limitation inapplicable." *Id.* at 191, 190 N.E.2d at 31–32. "[T]o hold otherwise might contribute to the deprivation of property rights without due process ..." *Id.* at 192, 190 N.E.2d at 32.

Because of our holding that the Elizondos did not receive notice consistent with constitutional due process, the one year statute of limitations does not apply. Therefore, the petition for rehearing is denied.

CONOVER and HOFFMAN, JJ., concur.