SMITH *v.* SWISHER ET AL.

[No. 16,575. Filed November 19, 1941.]

*George C. Uhlir,* of Kokomo, for appellant.

*Gerald W. Rybolt* and *Joseph C. Cripe,* both of Kokomo, for appellees.

DeVoss, J.—Upon the court's own motion the opinion herein rendered on October 22, 1941, is hereby withdrawn and the following opinion is substituted therefor:

This is an action by appellees against appellant to quiet the title to Lots 15, 16, and 17, in J. T. Scott's Addition to the town of Greentown, Howard County, Indiana. Appellant closed the issue by filing a general denial to the complaint. The cause was submitted to the court for trial, resulting in a judgment in favor of appellee Ben Swisher, quieting his title to the real estate, establishing a lien upon said real estate in favor of appellant in the sum of $94.79, and a judgment in favor of appellee for attorney fees in the sum of $50.00 to be deducted from the amount of the lien established in favor of appellant.

Appellant filed his motion for a new trial, which was overruled by the court, to which ruling appellant excepted and this appeal followed.

The specific grounds set out in the motion for new trial are: (1) The decision or finding of the court is not sustained by sufficient evidence; (2) the decision or finding of the court is contrary to law.

The only error assigned for reversal in this court is the overruling of appellant's motion for a new trial. It appears from the complaint that the appellees are the owners of said real estate, but that appellant herein is claiming some right, title and interest by virtue of a tax deed executed to him by the auditor of Howard county, pursuant to a sale thereof for taxes made in 1937, for taxes for the years 1931, 1932, and 1933. It is further alleged that said deed is ineffective to convey any title whatsoever, and that said tax deed is invalid and vests no title in appellant for the reasons that during the years 1931, 1932, and 1933, appellees were the

owners of personal property, listed and assessed for taxation by the proper officers of Howard county and Liberty township, where said appellees resided, and that said property was of sufficient value to pay said taxes, and that the treasurer of said Howard county made no demand for, or levy upon such personal property before resorting to the sale of the real estate involved. That during the years 1934 to 1939, inclusive, appellees paid all the taxes due on said real estate as informed by the treasurer of Howard county. That the auditor of said Howard county failed to follow the procedure as provided by statute in the listing and sale of said real estate for taxes; that said property was not offered for sale at the courthouse door; that said lots were not sold separately but were sold together and but one certificate was issued therefor.

The complaint further alleges a tender was made to appellant on June 3, 1939, for the amount paid, together with interest and penalty.

The record discloses that appellant's alleged title to the lots rests upon a tax deed executed on the 11th day of May, 1939, by the auditor of Howard county to appellant upon a certificate of purchase under date of May 3, 1937, issued to G. W. Smith at a tax sale for the sum of $72.34, being the amount of delinquent taxes, penalty and interest, due on lots numbered 15, 16, and 17, in J. T. Scott's Addition to the town of Greentown, Howard county, Indiana, and that appellant herein is the sole surviving heir of G. W. Smith. This deed was introduced in evidence, and it is contended by appellant that such deed constituted *prima facie* evidence of a good and valid title. Appellant is correct in this contention, but such *prima facie* evidence is subject to rebuttal; and appellee introduced evidence tending to show a failure to follow the provi-

sions of the statute in the proceeding leading up to and in the sale thereof.

Section 64-1511, Burns' 1933, provided in part the method and manner of conducting sales for delinquent taxes at the time of the return of the delinquent taxes and the sale thereof and reads in part as follows:

"64-1511. **Demand for taxes—Sale of personal property—Additional fee of treasurer—No property found—Duty of treasurer—Prosecuting attorney— Action — Costs — Household goods — Exemption— Judgment of treasurer—Appeal.**—After the first Monday in November of each year hereafter, the treasurer in each county shall make one [1] demand by registered United States mail or by call, either in person or by deputy, upon every person named in the tax duplicate who resides in the county, and who has not paid the taxes charged against him upon such duplicate, for the amount of such delinquent taxes, interest and the penalty thereon, together with the costs of such demand, and if the taxes, penalty, interest and costs are not paid within thirty [30] days from such demand, and if such person shall not have sufficient real estate located in such county from the sale of which such delinquent taxes may be collected by sale therefor as provided by law, he shall proceed forthwith to levy upon sufficient personal property of such delinquent to pay said taxes, penalty, interest, and all costs attached thereto, and to sell the same in the manner and at the place provided by law. . . ."

Section 64-1510 provides that this act shall apply to all taxes which have been returned delinquent after the first Monday in May, 1932. It appears from the record in this case that the sale herein was made on a return of delinquent taxes for the year 1935, and former years, which return was made on December, 1936; consequently, it would be governed by the section of the statute hereinabove set out.

To make a tax deed effective to convey a title, the sale and matters preliminary thereto must be had in

accordance with the statute, and each step required to be performed must be taken. If any one essential act has been omitted or improperly performed, the sale will be held noneffectual and insufficient to convey title to the purchaser. *Dixson* v. *Thompson* (1912), 52 Ind. App. 560, 98 N. E. 758; *Gavin* v. *Shuman* (1864), 23 Ind. 32; *Mattox* v. *Stevens* (1895), 140 Ind. 282, 39 N. E. 460; *Green* v. *McGrew* (1905), 35 Ind. App. 104, 72 N. E. 1049, 73 N. E. 832; *Allen* v. *Gilkison* (1921), 76 Ind. App. 233, 132 N. E. 12; *Bastin* v. *Myers* (1924), 82 Ind. App. 325, 144 N. E. 425; *Murray* v. *Holland* (1940), 108 Ind. App. 236, 27 N. E. (2d) 126.

It is stipulated in the record that no registered letter was sent to any delinquent taxpayer by the county treasurer of Howard county, nor did he or his deputy make a personal demand upon delinquent taxpayers for payment of delinquent taxes. Applying the rule as laid down in the cases cited hereinabove, it would appear that there was such an omission, in the failure to give notice to delinquent taxpayers, as would render the tax deed noneffectual and insufficient to convey title.

The record discloses that but one certificate and one deed was issued for the sale of these three separate and distinct lots. We are not informed as to whether they were offered for sale separately or not, but we are warranted in assuming that they were purchased as offered, that is jointly. Section 64-2207, Burns' 1933, provides that when more than one tract or lot belonging to the same person shall be for sale at the same time in the same municipal corporation, that each tract or lot shall be offered separately.

It thus appears that there was a failure to follow the action provided by statute relative to such sale; and as

a consequence thereof, such tax deed is insufficient to convey title.

There is some evidence tending to show that appellee herein was possessed of personal property at the time of levy and sale of the real estate here involved. However, the record does not disclose the value of his personalty as assessed on the tax duplicate at the time the county auditor listed the lands for sale. Unless this personalty appeared on the tax duplicate at an assessed valuation in excess of the taxes owed, the failure to sell said personal property before resorting to the sale of the real would not render the tax deed ineffectual. *Murray* v. *Holland, supra.*

Appellant contends that no sufficient tender of the taxes paid was made to him before suit was instituted.

The record discloses that a tender was made to appellant for the amount of the tax, plus penalty and interest, and that thereafter the sum of $80.83 was paid to the clerk of Howard county as a tender. Appellant assails this tender as not being of a sufficient amount.

Section 64-1543, Burns' 1933 (Supp.) provides, among other things, how taxes for 1931, and each year thereafter which were delinquent on January 1, 1935, may be paid, and provides for the payment of penalty thereon. Using this section of the statute as a basis for calculation, it is apparent that such tender was in a sufficient amount.

It is the contention of appellee that the tax sale in question was not made at the courthouse door, as provided by statute. The evidence as to where such sale was made is not of a conclusive character. Raymond Gilbert, the auditor of Howard county, testified relative thereto as follows:

"Q. Did you as clerk, and the treasurer offer these properties remaining unsold each day thereafter from the courthouse door?

"A. We did not.

"Q. You say they were offered for sale at the treasurer's office.

"A. Yes sir."

Upon further interrogation, said witness testified as follows:

"Q. Where was that sale made? (referring to the sale of lots in question.)

"A. I can't say whether it was made down at the door of the courthouse, or in the treasurer's office. The bid might have been made at the door. The sale began April 12th."

It does not appear whether the trial court had this phase of the case under consideration when he reached a conclusion relative to the issues herein. However, it is apparent that there were other irregularities in the proceedings, aside from the question of place of sale, which would warrant the conclusion that the tax deed was ineffectual; and it is not necessary to prolong the discussion relative to the place of sale.

Appellant further contends that the trial court is in error in allowing an attorney fee to be taxed against him for appellee in this proceedings.

Section 64-2413, Burns' 1933, provides for a lien under illegal tax sales and release thereof and makes provision for the recovery of an attorney fee such as recovered in cases of this nature.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 36 N. E. (2d) 945.