CEBRAT *v.* BARANOWSKI

[No. 18,373. Filed May 15, 1953.]

492

*Myrten W. Davis,* of LaPorte, for appellant.

*George A. Pawloski,* of Michigan City, for appellee.

KELLEY, J.—Appellee filed action against appellant, by complaint in one paragraph, to quiet his title to the East one-half of the West one-half of the Southwest quarter, except the railroad, in Sec. 18, Township 38 North, Range 3 West, containing 36.70 acres, more or less, in LaPorte County, Indiana. Additional non-resident persons were made parties to the action. Appellant then filed his counter-claim seeking to quiet the title to said real estate in his name as against appellee and against the world. Appellee then filed a second paragraph of complaint. Appropriate answers were filed by the respective parties to the two paragraphs of complaint and the counter-claim. Upon the issues thus formed the cause was submitted to the court, without jury. Finding and judgment was for appellee. Motion for new trial by appellant was overruled by the court and such action constitutes the only error assigned by appellant.

Specifications in the motion for new trial were that the finding and decision of the trial court were not sustained by sufficient evidence and are contrary to law.

Appellee's complaint alleges that he is the owner of the real estate described and that appellant wrongfully claims an interest therein by virtue of a certain tax deed executed to him by the Auditor of LaPorte County, Indiana, on May 12, 1951 pursuant to a tax sale thereof by the Treasurer of said County on April 11, 1949 for

unpaid taxes on said real estate for the years 1946, 1947, and 1948; that the said sale was without authority of law and void and said tax deed to appellant was ineffectual to convey title to appellant; and that appellant's claim and title is wholly unfounded and is a cloud on appellee's title to said real estate. Appellee paid into the Clerk's Office of the court the sum of $475.00 as a tender of the amount due appellant for his tax lien and statutory interest.

It is admitted by appellant and the evidence shows that the Treasurer of LaPorte County did not make demand upon appellee prior to the sale on April 11, 1949, either by registered United States mail or by call, either in person or by deputy, for the amount of the delinquent taxes, penalty, and interest, as required by Acts of 1932 (Spec. Sess.) ch. 65, §4, p. 233, Burns' 1951 Replacement, Vol. 11, part 2, §64-1511; but appellant contends that appellee waived the protection afforded him by said statute by going to the Treasurer's Office on May 9, 1950, at which time and place appellee was informed of the fact and amount of his tax delinquency and of said tax sale. He received like information at the Auditor's Office on the same day and was further informed that he had an additional year in which to redeem said property from said sale.

The only question in this case is whether the said information conveyed to appellee by the Treasurer and the Auditor on May 9, 1950 and appellee's failure to redeem from the sale after acquiring such knowledge dispensed with the necessity of the Treasurer making the statutory demand so that the prima facie evidence of good and valid title afforded by appellant's tax deed was not overcome by evidence of the failure of the Treasurer to follow the statutory requirement.

In the consideration of this case we confine ourselves to the precise situation and contentions as made by the parties in their respective briefs. We deal only with the Act above cited, it being the sole statute referred to by the appellant.

To make a tax deed effective to convey a title, the sale and matters preliminary thereto must be had in accordance with the statute, and each step required to be performed must be taken. If any one essential act has been omitted or improperly performed, the sale will be held noneffectual and insufficient to convey title to the purchaser. *Smith v. Swisher, et al.* (1941), 109 Ind. App. 654, 658, 659, 36 N. E. 2d 945, and cases cited therein.

The omission by the County Treasurer to make demand upon delinquent taxpayers in the manner provided by the statute renders a tax deed noneffectual and insufficient to convey title. *Smith v. Swisher, et al., supra.*

We see nothing in the record in this cause which impels an exception to the rule stated in the Smith case. The Treasurer's sale to appellant was made on April 11, 1949. Prior to that date no demand upon persons resident in the county named in the tax duplicate who had not paid the taxes charged against them, for payment of such delinquent taxes, interest, and penalty was made by the County Treasurer of La-Porte County, Indiana, as required by the statute. Over a year later, in May 1950, appellee first discovered that his property had been sold for taxes. He went to the Treasurer's Office on May 9, 1950 to pay the taxes. There he was told by "someone" in the office that his farm had been sold and that the redemption cost would be $203.00 or $204.00; that he need not pay at that time but could pay any time up to a year from then. He was then

taken to the Auditor's Office to inquire concerning the possible amount of interest and there talked with a girl employed by the Auditor as a stenographer, who gave him a redemption statement of the amount due and told him that he had until April of 1951 to redeem. Such facts did not constitute a "waiver" by appellee.

In its judgment, the court below ordered the payment to appellant of his tax lien and the statutory interest thereon.

We fail to see wherein the judgment of the LaPorte Superior Court is not supported by sufficient evidence or wherein it is contrary to law. The judgment, therefore, should be affirmed.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 231.