QUINN ET AL. *v.* STEIN ET AL.

[No. 19,137. Filed October 9, 1959.]

*Gilbert Gruenberg,* of Gary, for appellants.

*Samuel S. Dubin,* of Gary, for appellees.

Ax, J.—This is an appeal from an action to quiet title to certain real estate in Lake County, Indiana.

Appellees acquired certain real estate by way of a Lake County Commissioners Deed. Previous thereto the aforesaid Commissioners had obtained title by a tax deed. Appellants claimed that they were the lawful owners of part of the real estate claimed by appellees and that the appellees had not acquired legal title to the real estate involved because all of the necessary steps involved in the sale of real estate for delinquent taxes had not been followed.

Commencing litigation in the court below, appellees filed an action to quiet title to real estate here involved together with other real estate against the appellants and numerous other named defendants. The complaint filed was very brief containing the necessary allegation that the appellees were the owners of fee

simple title to certain real estate described in the complaint and that the appellants and other defendants were claiming an interest in and to said described property adverse to appellees' title. The issues were formed by an answer of appellants of denial to the appellees' complaint and a cross-complaint seeking to quiet title to part of the same real estate in themselves in which cross-complaint the appellants alleged that they were the owners in fee simple title of part of the same parcels of real estate as were set out in appellees' complaint and that appellees were claiming an interest in said real estate which was unfounded, adverse, and a cloud on the title of the cross-complainants (appellants). To this cross-complaint the appellees filed answer in denial.

All other defendants except the appellants were defaulted and no question was raised as to the finding and judgment as to those defendants.

The court below, after hearing evidence, found and entered judgment for the appellees against the appellants on their complaint, and against the appellants on their cross-complaint.

Appellants assigned as error that the court erred in overruling their motion for a new trial, which stated as causes therefor that the finding of the court is not sustained by sufficient evidence and is contrary to law.

The evidence in this case was very brief. On behalf of the appellees, it was stipulated that the sole and only tax deed concerning the real estate in question was executed and delivered to the County Commissioners on July 14, 1952.

The appellees at the opening of the trial on June 29, 1956, introduced their "Exhibit 1", which was the original Commissioners Deed, dated September 8, 1952, executed and delivered by the Board of Commissioners

of Lake County, Indiana, to the appellees. This deed purported to convey the interest of Lake County in and to the property set out in appellees' complaint.

This deed recited, in the opening paragraph thereof, that the property was bid in by the County Auditor on the first Monday of December, 1942, under the provisions of Section 1, Chapter 43, Acts of 1943.

The only other evidence offered by the appellees was the following stipulation agreed upon with the appellants herein:

"It is stipulated and agreed by and between the parties that the property in question was last offered for sale for taxes in 1942; that the property was not sold at the regular tax sale of that year and it was bid in the first Monday of December, 1942, by the County by the following method: In the register of properties listed for delinquent taxes in the space reserved for the buyer's name, was entered the following notation: 'S CO' To indicate that it was sold to the County.

It was also entered in the register kept for the purpose of showing the property sold to the County. A conveyance was thereafter made to the County by deed on July 14, 1952, and recorded on the same date in the Recorder's Office of Lake County, Indiana. In the interim, it was neither advertised nor was there any certificate or other deed made to the County. In all the period from 1942 to 1952, the property was carried on the regular tax rolls and the taxes due annually thereon were entered on said tax rolls. Thereafter on August 26, 1952, the property was sold as County property to the plaintiff. And thereafter, deed was issued to plaintiff, as purchaser, as shown in Plaintiffs' 'Exhibit 1'."

The only evidence offered by the appellants was the record of the abstract company showing that there were various taxes due on the property involved for 1950, 1951, 1952, and that there are still due, unpaid special

assessments which accrued in November, 1928, on each of the properties herein involved.

We are of the opinion that this case falls squarely within the rule of law announced by our Supreme Court in the case of *Pachter* v. *Gray* (1952), 231 Ind. 487, 109 N. E. 2d 412. In that case, Judge Emmert, speaking for the court, in substance held that a tax deed, under §64-2404, Burns' 1951 Repl., was sufficient, in the absence of any evidence to the contrary, to establish a fee simple title. In that case, the learned Judge referred to the case of *Smith* v. *Swisher* (1941), 109 Ind. App. 654, 36 N. E. 2d 945, which held that a tax title deed constituted *prima facie* evidence of a good and valid title, subject however to rebuttal.

In the instant case, the appellees introduced as evidence a Commissioners Deed duly recorded showing conveyance to the appellees. This deed evidently contained a typographical error in that it showed on its face that the County Auditor bid in the property on the first Monday of December, 1942, as provided by law, and that said tracts of land were advertised for sale at tax sale by the County Auditor under the terms and provisions of Section 1, Chapter 43, Acts of 1943, page 96. Appellants contend that the Commissioners Deed to appellees was invalid because it contained a typographical error. The real estate was bid in by the County in 1942; however, when the County deeded the real estate to appellees, it used a printed form of deed prepared subsequent to 1942, and the deed recited that the County bid in the real estate pursuant to the Acts of 1943. There is no question whatsoever in the record, and of course under the stipulation appellants admit, that the County actually bid in the real estate in 1942. It becomes apparent, therefore, that it was actually bid in under the law

existing before 1943, and it is also obvious that the error was purely one in using a printed form prepared after 1942. This error consisting of a wrong recitation in the printed form does not invalidate the sale or the deed from the County Commissioners to appellees. The fact remains that the evidence shows conclusively that the property was bid in in 1942 and must have been bid in according to the law in effect prior to 1942 and not under the Acts of 1943.

Appellants contend that the law of Indiana relative to the validity of tax title deeds was stated by Judge Kelley in the case of *Cebrat* v. *Baranowski* (1953), 123 Ind. App. 491, 494, 112 N. E. 2d 231, in which case Judge Kelley quoted the following:

"To make a tax deed effective to convey a title, the sale and matters preliminary thereto must be had in accordance with the statute, and each step required to be performed must be taken. If any one essential act has been omitted or improperly performed, the sale will be held noneffectual and insufficient to convey title to the purchaser."

*Smith* v. *Swisher, supra,* was cited by Judge Kelley in support of this quotation.

However, in the case of *Cebrat* v. *Baranowski, supra,* there was evidence introduced that one of the essential steps required, namely, a demand upon the required person for payment of delinquent taxes, had been omitted. In the instant case, there was no rebuttal evidence introduced by the appellants that any essential steps had been omitted, nor was there any evidence introduced showing that appellants owned any interest whatsoever in the real estate in question. Appellants in their brief attempt to show that various essential steps leading up to the tax sale had been omitted—however, this is not in the evidence

and we can look only to the record favorable to and supporting the appellees which affirmatively shows that a *prima facie* case was made for appellees upon the introduction in evidence of a Commissioners Deed conveying title to appellees. Appellants introduced no evidence whatsoever to indicate any invalidity or any irregularity of the sale. The presumption of the regularity of the sale remains.

The appellants, having failed to defend this original action in the court below by bringing in evidence to rebut the prima facie case made by appellees, cannot now come before this court by way of briefs attempting to inject evidence not in the record in order to seek a reversal.

In further support of the contention of appellees that this decision of the court below should be affirmed, in appellees' brief they have pointed out the following provisions of the statutes of Indiana in respect to prima facie evidence of a good title. Burns' Ind. Stat., 1951 Repl., §64-2203a, provides that:

> "All sales of real estate heretofore made to any county or other persons pursuant to chapter 224 of the Acts of 1941 (§§64-1407, 64-2203, 64-2205, 64-2212—64-2214) and all acts amendatory thereof, and all certificates and deeds heretofore executed by county auditors for any such real estate pursuant thereto are hereby legalized and rendered valid. Nothing in this section shall affect pending litigation. From and after the passage of this act, no action to contest the validity of any title acquired as a result of any sale of real estate so acquired by any county or other persons under said chapter 224 and acts amendatory thereof shall be brought after the expiration of one (1) year from the date of the execution of the deed to the county or other persons."

Under the above Act, passed in 1947, all sales of

real estate theretofore made by any county were legalized. That being true, any omissions of any nature whatsoever by public officials are cured, and appellants are bound by the validity of appellees' title derived from the county, since the county's title was legalized by virtue of the above Act.

Burns' Ind. Stat., 1951 Repl., §64-2203, provides in part as follows:

"The deed or conveyance of the land sold shall be *conclusive evidence* that the sale was regular and according to the requirements of law, and shall convey to the purchaser a clear and indefeasible title to the real estate sold." (Our emphasis)

Appellants for the first time in their reply brief attempt to challenge the constitutionality of the above quoted statutes. This they cannot do. The record shows that appellants did not raise this question of constitutionality in the court below—hence, it is now improper to first raise such a question by way of briefs.

We are of the opinion therefore that as additional authority that this cause should be affirmed, Burns' Ind. Stat., 1951 Repl., §64-2203a, quoted above, has legalized the sale of the real estate to the appellees.

"It is the general rule that a statute on the books at any given time, not judicially declared unconstitutional or invalid is presumed to be valid until the contrary appears; he who raises the question of constitutionality must assume the burden of making the unconstitutionality clearly appear by establishing invalidating facts." §39, ch. 3, p. 314 of West's Indiana Law Encyclopedia, Vol. 5, and cases cited therein.

Failing to see where the judgment of the Porter Superior Court is not supported by sufficient evidence

or where it is contrary to law, we are of the opinion that the judgment of that court should be affirmed.

Judgment affirmed.

Myers, P. J., Cooper, J., and Ryan, J., concur.

NOTE.—Reported in 161 N. E. 2d 622.