**Lou Angel BURTON, also known as Lou Angel, Plaintiff-Appellant,**

v.

**MARTIN OIL SERVICE, INCORPORAT- ED an Illinois corporation, Defendant- Appellee.**

**No. 13379.**

United States Court of Appeals Seventh Circuit.

Oct. 26, 1961.

Rehearing Denied Nov. 15, 1961.

---

James J. McGarvey, Philip M. Cagen, Valparaiso, Ind., for appellant.

Albert H. Gavit, Gary, Ind., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Lou Angel Burton, also known as Lou Angel, plaintiff, sued Martin Oil Service, Incorporated, an Illinois corporation, defendant, in the district court for possession of a piece of improved real estate in Lake County, Indiana, and for damages for its detention. Defendant was in possession as lessee under lease from the owner.

Plaintiff relied upon a tax deed issued to her by the auditor of Lake County, Indiana.

Judgment was entered against plaintiff and a motion for a new trial was denied. She has appealed.

In this court plaintiff contends that "the two [sic] year statute of limitations barred defendant from contesting title and that the evidence found by the court was not sufficient to upset plaintiff's prima facie fee simple title".

1. At the outset, we agree with counsel for defendant that many of the contentions made by plaintiff in her brief are not available to her now because of failure to incorporate in an appendix, under our rule 16(b), 28 U.S.C.A., the portions of the record upon which she relies. A. O. Smith Corporation v. Pre-Fab Transit Co., Inc., 7 Cir., 287 F.2d 210. However, to facilitate the disposition of this appeal, we are tolerating this shortcoming and have examined the original transcript of record on file in this court.

2. The district court made findings of fact from which it concluded as a matter of law that no notice of the tax sale upon which plaintiff relies was posted at the east or main entrance to the courthouse and that this defect, being fatal, rendered the sale invalid, under §

64–2202 Burns' Indiana Statutes. From the record we hold that these findings are not erroneous, and, for the reasons hereinafter stated, these conclusions are not incorrect.

The holdings of the Indiana courts support the action of the district court in this respect. Creighton v. Schafer, 117 Ind.App. 518, 72 N.E.2d 360, 363; Knotts v. Tuxbury, 69 Ind.App. 248, 117 N.E. 282; Cebrat v. Baranowski, 123 Ind.App. 491, 112 N.E.2d 231, 232; Smith v. Swisher, 109 Ind.App. 654, 36 N.E.2d 945, 947.

While there does not seem to be any difference of opinion between counsel in the case at bar that a legislative enactment creating a conclusive presumption of the validity of a tax deed would be unconstitutional, any lingering doubt on that score was put to rest by the Supreme Court of Indiana in April 1961 in Little v. Ritchey, Ind., 174 N.E.2d 52, 54, holding such an act unconstitutional.

3. Plaintiff relies on the following enactments:

Burns' Ind.Stats. 64–2203a provides, in part:

"From and after the passage of this act, no action to contest the validity of any title acquired as a result of any sale of real estate * * shall be brought after the expiration of one (1) year from the date of the execution of the deed."

Burns' Ind.Stats. 64–2212, provides:

"No action to contest the validity of any title acquired as a result of any sale of any real estate under this act shall be brought after the expiration of one (1) year from the date of the execution of the deed."

She pleaded these statutes in support of a motion for summary judgment, which was overruled. Here we have not the conventional use of the defense of a statute of limitations asserted against a cause of action upon which a plaintiff sues. Instead, a plaintiff attempts to assert a statute of limitations against a defense set up to plaintiff's complaint. Plaintiff, while recognizing the general

rule that ordinarily a statute of limitations may be used as a shield but not as a sword, contends:

"If the statute of limitations cannot be pleaded affirmatively and property sold at a tax sale is occupied by the former owner, a former owner may continue in possession and do nothing to redeem. The bar of the Statute of Limitations would therefore be rendered nugatory."

Unfortunately for plaintiff's argument, the Indiana courts have decided otherwise. In Robinson v. Glass, 94 Ind. 211, the matter was discussed and the decision was epitomized by the court saying,

" * * * Actions are barred but defenses are not. * * *"

To the same effect are Mott v. Fiske, 155 Ind. 597, 58 N.E. 1053; 34 Am.Jur.— Limitation of Actions—§ 20, page 29; and 7 A.L.R.2d 1366.

We find no error in the record of the district court. Its judgment is affirmed.

Judgment affirmed.