**Harold T. LONG and Wanda E. Long, Plaintiffs-Appellants,**

v.

**Hubert ANDERSON et al., Defendants-Appellees.**

No. 75–1911.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 1976.

Decided June 9, 1976.

Gene R. Leeuw, Indianapolis, Ind., for plaintiffs-appellants.

Don M. Robertson, Bloomington, Ind., for defendants-appellees.

Before SWYGERT, SPRECHER and TONE, Circuit Judges.

SWYGERT, Circuit Judge.

This diversity action was brought by plaintiffs-appellants Harold T. Long and Wanda E. Long against defendants-appellees Hubert Anderson, Thomas Smith, and Monroe County, Indiana, Auditor Louise L.

Goodman.[1] The Longs sought to quiet title against a tax deed issued to defendants Anderson and Smith in a lot located in the Geode Triangle Subdivision in Salt Creek Township. The question on appeal is the validity of this tax deed. The district court held the county auditor and county treasurer had sufficiently complied with the Indiana statutory requirements in their efforts to collect the taxes assessed against the real estate and in selling it at a tax sale. On that premise, the court ruled that the plaintiffs had not been deprived of their constitutional right to due process and that therefore they were not entitled to prevail in their quiet title action.

In light of Indiana case law, we hold that the district court erroneously ruled there had been sufficient compliance with the statutory provisions. Accordingly, we reverse.

I

The district court decided the case by summary judgment, the facts being undisputed. Harold and Wanda Long purchased the property in question on November 11, 1966 and had a warranty deed to the real estate recorded with the Monroe County Recorder on November 18, 1968.

Indiana law, I.C. 6–1–27–8, Burns Ann. Stat. 64–758, requires the auditor to keep a transfer book in which he "[S]hall enter a description, for the purpose of taxation, of all lands that have been conveyed by deed . . ., with the date of the conveyance, names of parties, and the post-office ad-

dress of the grantee or grantees, and he shall indorse on such deed or instrument of conveyance the words 'duly entered for taxation,' . . ."[2] In the instant case the auditor stamped the plaintiffs' deed, "duly entered for taxation," but did not enter their address in the transfer book as required by the statute.

At the time of their purchase of the real estate the Longs were not residents of the State of Indiana; in fact, they have not resided in the state since July 1966. Although the auditor was not furnished with the grantees' address at the time the transfer was entered on the books, there were a number of sources from which their address could have been obtained. I.C. 6–1–52–2, Burns Ann.Stat. 64–2057, directs that tax statements shall be sent to the "last known address" of the person liable for the taxes.[3] Because the auditor's transfer book did not reflect plaintiffs' last known address, the tax statements were sent to the vacant lot. Naturally, the statements were returned undelivered by the United States Postal Service. As a result the plaintiffs did not pay the taxes assessed against the property during the period of their ownership.

In accordance with I.C. 6–1–56–1, Burns Ann.Stat. 64–2255, the Longs' property became eligible to be sold at public auction for delinquent taxes. In July 1971, purporting to comply with I.C. 6–1–56–3, Burns Ann. Stat. 64–2257, the auditor placed in the mail a certified notice of the tax sale to the Longs.[4] The notice was addressed to the

---

1. The parties stipulated the jurisdictional facts; the district court found on the basis of those facts that it had jurisdiction under 28 U.S.C. § 1332.

2. I.C. 6–1–27–8 reads:
   The county auditor shall keep a transfer book, arranged by townships, cities and towns, in which he shall enter a description, for the purpose of taxation, of all lands that have been conveyed by deed or partition, with the date of the conveyance, names of parties, and the post-office address of grantee or grantees, and he shall indorse on such deed or instrument of conveyance the words "duly entered for taxation," or that it is "not taxable," or "has already been listed for taxation." He shall take care that all

descriptions for the purpose of taxation are correct, and that the owners' names are properly transcribed.

3. I.C. 6–1–52–2 reads in material part:
   Mailing of tax statements to taxpayers—Time—Payment—Temporary offices.—The county treasurer shall mail to the last known address of each person liable for any taxes as shown on the tax duplicate or special assessment records, a statement of current and delinquent taxes and special assessments on a form or forms to be approved by the state board of accounts.

4. I.C. 6–1–56–3 reads:
   Notice of sale to owner.—In addition to the notice required to be given by section 602

plaintiffs at Rural Route 8, Bloomington, Indiana, where the vacant lot was located. The notice was not delivered and was returned to the auditor.[5] The delinquent taxes amounted to $38.57. The real estate was advertised for $66.14 and was sold at public auction to Anderson and Smith for $160.00.

Purporting to comply with I.C. 6–1–57–5, Burns Ann.Stat. 64–2280, the auditor mailed two notices to the plaintiffs advising them of their redemption rights.[6] One notice was addressed to the plaintiffs at Bloomington, Indiana, and the other to General Delivery, Nashville, Indiana. Both notices were returned by the United States Postal Service for lack of a proper address. In due course the tax deed was issued, and in November 1973 plaintiffs filed their quiet title action.

## II

The trial court found that the auditor "complied with I.C. 6–1–27–8 as best she could under circumstances in which neither the grantors nor grantees supplied a proper address for the grantees."[7] The court further found that:

the plaintiff did not provide the Treasurer or the Auditor with their home address. In light of this fact, it is sufficient compliance that the tax statements were mailed to the address of the property being taxed . . .. The Auditor also complied with the requirements of I.C. 6–1–56–2, Burns Indiana Statutes Annotated 64–2256 and I.C. 6–1–56–3, Burns Indiana Statutes Annotated [64–2257] which prescribe the appropriate notice requirements.

[6–1–56–2], the county auditor shall send a notice of such sale to the owner or owners of such real property listed for sale for delinquent taxes or special assessments, at the last known address by certified mail at least 21 days prior to the date set for the sale. Such notice shall be in a form prescribed by the state board of accounts.

The county auditor shall, on or before the day of sale certify on his record that such notice was mailed as herein provided.

5. The auditor did comply with the supplementary notice provisions of I.C. 6–1–56–2, Burns Ann.Stat. 64–2256.

6. I.C. 6–1–57–5 reads in material part:
Notice to owner before issuance of tax deed. —Not more than sixty [60] days nor less than thirty [30] days prior to the date when any purchaser, his successor or assigns, at any sale pursuant to article VI [6–1–56–1—6–1–56–14] of this act is issued a deed, the county auditor shall send a written notice by certified mail, plainly addressed to the owner or owners of record of the real property sold as shown by the transfer books in the office of such county auditor. The notice shall be on the form prescribed by the state board of accounts and shall clearly state (1) the name of the owner or owners as determined by reference to the transfer books of the county auditor; (2) a description of the real property sold as shown on the certificate of sale; (3) that such real property was sold at tax sale; (4) the date when the sale was held; (5) the name of the purchaser at the sale; (6) that the owner or owners is entitled to redeem such real property; (7) the amount required to redeem such real property; (8) that the purchaser may also become entitled to reimbursement for any other taxes or assessments paid on such real property prior to any redemption; (9) that such real property has not been redeemed; and (10) that if such real property is not redeemed by a certain date, the purchaser, his successors or assigns, shall be entitled to receive a deed thereto. The county auditor shall retain a copy of each notice herein required in his office and shall certify on said copy that notice was mailed as herein provided and state the date on which said notice was mailed.

7. The parties stipulated:
That Harold T. and Wanda E. Long had lived in Indiana for a period of several years and had paid taxes in the State of Indiana and were familiar with the real estate tax obligations and that had Harold T. and Wanda E. Long checked with the Treasurer during the period of their ownership of the property after 1967 they would have learned that there were delinquent taxes thereon.
Included in the trial judge's findings were the following:
It was the plaintiffs' understanding that Robert Simpson, a prior owner of the property in question, was to pay taxes for the properties within what is known as Geode Triangle, but this understanding was not communicated to or known by the Monroe County Auditor.

■ We cannot agree with the trial judge that there was sufficient compliance with I.C. 6–1–27–8. In our opinion there was no compliance whatsoever. Moreover, this noncompliance was the primary reason for the failure to comply with the remaining pertinent provisions of the Indiana statutes: I.C. 6–1–52–2, I.C. 6–1–56–3, and I.C. 6–1–57–5. The auditor improperly stamped the warranty deed "duly entered for taxation" before obtaining the address of the grantees, thus starting the chain of events that led to the tax sale.

■ Equitable considerations as to good faith efforts to comply with the statutes have no bearing in this situation. The Indiana cases make clear that noncompliance with any of the steps that precede a tax sale is fatal to the validity of the tax deed. In *Gradison v. Logan*, 135 Ind.App. 185, 188, 190 N.E.2d 29, 30 (1963), the court said, "Statutes governing tax sales and the steps leading up to them must be substantially complied with before an owner may be deprived of his property by such a sale." In an earlier case, *Allen v. Gilkison*, 76 Ind. App. 233, 240, 132 N.E. 12, 14 (1921), the Indiana Appellate Court said, "It is well settled that in order for a tax deed to be effective to convey title, it must appear that every step required by law to be taken, from the listing of the land for taxation to the delivery of the deed, has been regularly taken."

Another case which stresses that the statutory requirements must be strictly adhered to is *Cebrat v. Baranowski*, 123 Ind. App. 491, 112 N.E.2d 231 (1953). There a tax deed was found fatally defective because the county treasurer had failed to make the statutory demand for payment of the delinquent taxes prior to the tax sale. The court held the tax sale defective and the deed void even though the owner was aware of his tax delinquency and his redemption rights. The holders of the tax deed argued that the owner's failure to redeem from the sale after he had acquired actual knowledge, dispensed with the necessity of the treasurer making the statutory demand. The court rejected the argument saying:

> To make a tax deed effective to convey a title, the sale and matters preliminary thereto must be had in accordance with the statute, and each step required to be performed must be taken. If any one essential act has been omitted or improperly performed, the sale will be held noneffectual and insufficient to convey title to the purchaser. *Smith v. Swisher*, 1941, 109 Ind.App. 654, 658, 659, 36 N.E.2d 945, and cases cited therein.

> The omission by the County Treasurer to make demand upon delinquent taxpayers in the manner provided by the statute renders a tax deed noneffectual and insufficient to convey title. 112 N.E.2d at 232.

There are additional Indiana decisions that support the foregoing pronouncements: *Langford v. DeArmond*, 137 Ind. App. 439, 208 N.E.2d 692, (1965); *Burton v. Martin Oil Service*, 295 F.2d 679 (7th Cir. 1961); *Creighton v. Schafer*, 117 Ind.App. 518, 72 N.E.2d 360 (1947); and *Smith v. Swisher*, 109 Ind.App. 654, 36 N.E.2d 945 (1941).

For the reasons we have outlined, the tax deed issued to defendants Anderson and Smith is void as a matter of law. Accordingly, the judgment of the district court is reversed with direction to enter judgment for the plaintiffs.