Clarence and Maurice **PETERSON**, Appellants (Third-Party Plaintiffs and Counter-Defendants),

v.

Edward V. **WARNER**, Appellee (Third-Party Defendant and Counter-Plaintiff).

No. 4–584A121 [1].

Court of Appeals of Indiana, First District.

May 30, 1985.

1. This case was diverted to the First District by order of the Chief Judge.

Clorius L. Lay, Lay & Marshall, P.C., Gary, for appellants.

Max Cohen, David Capp, Cohen & Thiros, Merrillville, for appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Clarence and Maurice Peterson (the Petersons) appeal the granting of summary judgment in favor of Edward V. Warner (Warner) finding Warner was the owner of a certain parcel of land in Lake County. We affirm.

## FACTS

In the early 1970's the property taxes on the real estate in issue were unpaid resulting in the property being placed on the delinquent tax rolls. The property, which belonged to Warner at the time, was offered for sale in 1973 by the Lake County Treasurer's Office to collect the unpaid taxes. Because no one bid the statutory minimum price, title to the property remained uncertain.

In 1978 Warner sold the real estate to the Andersons who then took possession. On October 9, 1981, the Lake County Auditor executed a tax deed in favor of Lake County. The county commissioners in turn sold the real estate to the Peterson's on February 19, 1982, as county-owned property. The county executed a commissioner's deed conveying the property to the Peterson's.

The Petersons and Andersons initiated the present suit, each side claiming superior title. Warner was joined in the action as a third party defendant and filed a counterclaim against the Petersons. Subsequently, a partnership offered to buy the property and by agreement of the parties it was sold. The proceeds from the sale was to remain in escrow, pending the outcome of this litigation. The Andersons have settled with Warner and were not parties to this action at the time of the summary judgment hearing.

After the hearing on Warner's motion for summary judgment, the trial court entered special findings granting the motion. The trial judge found Warner was the true owner and entitled to the proceeds from the sale less his tax liability. The court determined the Peterson's deed was invalid because the prior tax sale to the county did not satisfy the statutory prerequisites. The Petersons appeal.

## ISSUES

Restated the issues presented are as follows:

1. Was Warner entitled to judgment as a matter of law due to defects in the tax sale to the county?

2. Does the statute of limitations bar Warner from prevailing?

## DISCUSSION AND DECISION

*Issue One*

Before discussing the merits, it is necessary to set out the statutory scheme on tax sales (Indiana Code sections 6–1.1–24–1 to 6–1.1–24–12) and redemption (Indiana Code sections 6–1.1–25–1 to 6–1.1–25–19) applicable in the present case. When the taxes on Warner's property were delinquent in the early 1970's the real estate became eligible for tax sale. Ind.Code § 6–1.1–24–1. Before a sale may be conducted notice to the owner and general public must be given. Ind.Code §§ 6–1.1–24–2 to 6–1.1–24–4.5. If after two years from the date of sale, a

minimum bid on the property is not forthcoming, the county acquires a lien on the property in the amount of the minimum bid. Ind.Code § 6–1.1–24–6(a).[2] This is what happened to the property at issue in 1973. Normally, at this point a tax sale certificate would be issued to the county which would begin the running of the one year redemption period. Ind.Code § 6–1.1–25–4(a). Near the end of the redemption period the owner is to be notified again. Ind.Code § 6–1.1–25–6. If the period expires without redemption, the county exchanges its tax sale certificate for a tax deed just as any other tax sale purchaser. Ind.Code § 6–1.1–25–4.

The testimony of the Lake County Auditor established that, in his opinion, a tax sale certificate had been issued to the county in 1973 and subsequently destroyed. For reasons unclear from the record, the county did not seek a tax deed until 1981.

Warner's motion for summary judgment was based on the invalidity of the 1981 tax deed. Specifically, Warner contends as the owner of the property in issue, he did not receive the notices required prior to the tax sale and prior to the execution of the tax deed. Consequently, the Petersons have no title since their vendor, the county, never possessed valid title. We agree.

■ Our standard on review of summary judgment requires us to determine whether a genuine issue of material fact remains. Indiana Rules of Procedure, Trial Rule 56(C).

"In order to determine whether a genuine issue of material fact exists, the court will consider as true all facts alleged by the nonmoving party and will resolve all doubts against the moving party. Summary judgment should not be used as a substitute for trial in determining factual disputes. Therefore, if conflicting evidence must be weighed by the court to reach a decision, summary judgment should not be granted. Neither should summary judgment be grant-

ed if, although there is no factual dispute, the facts give rise to conflicting inferences. However, summary judgment may be proper where there is no dispute or conflict regarding a fact which is dispositive of the action, even though conflicting facts on some elements of a claim exist. [Citations omitted.]"

*Suyemasa v. Myers* (1981), Ind.App., 429 N.E.2d 1334, 1342–43. Warner points out many irregularities in the tax deed but many of these defects in the proceedings leave factual disputes remaining and are improper for disposition on summary judgment. However, the improper notice prior to execution of the tax deed renders the deed invalid as a matter of law.

■ Both parties concede a tax deed is *prima facie* evidence of title and of the regularity of the proceedings leading up to the sale. Ind.Code § 6–1.1–25–4(d). The tax deed in this case was admitted into evidence and raises a presumption that the Petersons were owners of the real estate in fee and that they acquired title pursuant to the applicable statutory procedures. *Lenard v. Adams* (1981), Ind.App., 425 N.E.2d 211; *Allen v. Gilkison* (1921), 76 Ind.App. 233, 132 N.E. 12; *Knotts v. Tuxbury* (1917), 69 Ind.App. 248, 117 N.E. 282, *trans. denied.* However, this presumption stands only until it is rebutted by the party assailing the validity of the title. *Gandy v. Orr* (1942), 112 Ind.App. 605, 44 N.E.2d 181, *trans. denied.* Therefore, the court may look behind the tax deed where the party challenging its validity shows the statutory procedures were not followed. *Gradison v. Logan* (1963), 135 Ind.App. 185, 190 N.E.2d 29, *trans. denied.* For a tax sale to take effect the sale and all statutory procedures leading up to the sale must be followed. Any necessary element omitted renders the sale invalid. *Quinn v. Stein* (1959), 130 Ind.App. 20, 161 N.E.2d 622; *Dixon v. Thompson* (1912), 52 Ind. App. 560, 98 N.E. 738. In the present case, a crucial statutory procedure is the require-

---

**2.** In 1973 the prevailing statute was Ind.Code § 6–1–56–6 (Burns 1972) which is substantially the same as the current law.

ment that notice be sent to the original owner not less than 30 or more than 60 days prior to issuance of the tax deed. Indiana Code section 6–1.1–25–6. The obvious purpose is to give the owner, whose property has already been sold at a tax sale, the opportunity to redeem before the grace period expires.

■ The evidence is conflicting as to whether notice was sent. Warner denies receiving notice. However, the auditor testified the notice was sent although he could not produce a copy of the actual notice.[3] Even if we assume the notice was sent, it was insufficient as a matter of law.

Indiana Code section 6–1.1–25–6(a)(1) to (10) sets out exactly what the notice sent to Warner should have contained. It is uncontradicted that the form of notice sent by the auditor, according to his testimony, did not comply with statutory form. Record at 288. In fact, the notice sent to Warner was a notice of tax sale pursuant to Ind. Code § 6–1.1–24–4 and therefore totally inaccurate. Instead of informing Warner that his redemption period was about to expire, the form sent advised him that his property would be sold at a tax sale. Such notice, under the statutory scheme, signalled the start of the redemption period which runs from the date of tax sale when under the facts the redemption period was actually about to end. Therefore, not only was the notice improper in form but it also contained substantially misleading information concerning facts crucial to Warner. Considering the improper form and misleading information, we believe there was a total lack of compliance with the statutory notice requirement in Ind.Code § 6–1.1–25–6. The failure to comply with statutory notice requirements renders the tax deed to the county invalid. *Smith v. Swisher* (1941), 109 Ind.App. 654, 36 N.E.2d 945. Consequently, the deed from the county to the Petersons is also invalid.

*Issue Two*

■ The Petersons also argue that the statute of limitations on actions challeng-

ing the validity of a tax deed has run and Warner's claim is barred. Ind.Code § 6–1.1–25–17 states:

"A person must initiate an action to contest the validity of one's title to real property claimed by virtue of a deed executed under section 4 of this chapter within one (1) year after the date the deed is executed. The title becomes absolute after the expiration of the one (1) year period, unless:

(1) the title has previously been held invalid by a court of competent jurisdiction; or

(2) an action contesting the validity of the title is pending when the time period expires."

The tax deed was executed in favor of Lake County on October 9, 1981. The Andersons initiated the present suit on May 10, 1982. In the Peterson's answer, filed May 18, 1982, they stated that the basis for their claim of superior title was a tax deed executed in favor of the county. This statement put the validity of the tax deed in issue well before the one year limitation period had run. The present law suit constitutes an action challenging the validity of the tax deed which was pending when the limitation period expired. Ind.Code § 6–1.1–25–17(2). Therefore, Warner's action is not barred.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.

---

**3.** Ind.Code § 6–1.1–25–6(b) requires the auditor

to keep these notices on file.