BARD ELECTRIC, an Indiana Corporation, Jones Electric, an Indiana Corporation, and Jones-Bard Electric, doing business as a Joint Venture, Appellant (Plaintiff Below),

v.

INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation; Schneider, Inc., a Pennsylvania Corporation; Dedelow-Schneider, a Joint Venture; and Gary Sanitary District, Gary, Indiana, Appellee (Defendant Below).

No. 3–885–A–233.

Court of Appeals of Indiana, Third District.

June 25, 1986.
Rehearing Denied Aug. 19, 1986.

Robert E. Stochel, John M. O'Drobinak, P.C., Crown Point, for appellant.

Kenneth D. Reed, Hammond, for Dedelow-Schneider, Inc.

Gary Wilcox, Peterson, Ross, Schloerb & Siedel, Chicago, Ill., for Insurance Co. of North America.

Julian B. Allen, Shropshire & Allen, Gary, for Gary Sanitary Dist.

Richard A. Hanning, Hammond, for Insurance Co. of North America.

STATON, Presiding Judge.

Bard Electric Company, Jones Electric, and Jones-Bard Electric (hereinafter collectively referred to as Bard) appeal the trial court's dismissal of their amended complaint. They raise two issues for review:

I. Did the trial court abuse its discretion when it found that Bard's complaint was not timely filed?

II. Did the trial court err in dismissing Bard's complaint for failure to state a claim upon which relief could be granted?

Our resolution of the first issue is dispositive of this appeal; we affirm.

Bard filed suit to recover for labor and materials supplied for a Gary Sanitary District project. Named as defendants in the original complaint were: Insurance Company of North America, the surety for the project; Dedelow, Inc., the original general contractor;[1] Schneider, Inc.; Dedelow-Schneider, a joint-venture and successor to Dedelow as general contractor; and Gary Sanitary District. The trial court sustained the defendants' motions to dismiss the complaint pursuant to Indiana Rules of Procedure, Trial Rule 12(B)(6) and Bard was given leave to file an amended complaint. The amended complaint was likewise dismissed.[2] Later Bard filed a second amended complaint which the defendants moved to strike or dismiss. At a hearing on April 23, 1984, the parties agreed that Bard would withdraw the complaint, defendants would withdraw their motions and Bard would be granted thirty (30) days within which to file an amended complaint. On June 1, 1984, thirty-eight (38) days later,

Bard appeared *ex parte*, requested and received an additional thirty (30) days to file an amended complaint. On October 16, 1984, one hundred thirty-seven (137) days later, Bard appeared by new counsel. On October 26, 1984 Bard made an *ex parte* request for an extension of time to plead and the court granted Bard until November 26, 1984. Bard filed a Motion for Leave to File Amended Complaint accompanied by a proposed Complaint on November 7, 1984. These documents are file stamped but there is no record of an order granting the motion.

██ Generally the matter of permitting amendments to pleadings is largely within the discretion of the trial court and its decision will only be disturbed on a showing of an abuse of discretion. *Benke v. Barbour* (1983) Ind.App., 450 N.E.2d 556, 558–9. Trial Rule 12(B)(8) provides that when a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of the rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten (10) days after service of notice of the court's order sustaining the motion and thereafter with the permission of the court pursuant to such rule. Since Bard had already amended after a motion to dismiss had been sustained, subsequent amendments could be made only by permission of the court pursuant to T.R. 15(A) which provides *inter alia*, "[o]therwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be given when justice so requires." The court's order of April 23, 1984, permitting Bard to amend within thirty (30) days, fell within the dictates of this provision of Rule 15(A).

██ For guidance as to the propriety of the next sequence of events, we look to Trial Rules 6 and 7. Trial Rule 6 dealing with the computation of time provides:

(B) **Enlargement.** When an act is required or allowed to be done at or

---

1. Bard eventually dismissed Dedelow, Inc. from the suit.

2. Bard did not appeal the earlier dismissals, so the propriety of those dismissals is not at issue here.

within a specified time by these rules, the court may at any time for cause shown:

(1) order the period enlarged, with or without motion or notice, if request therefor is made before the expiration of the period originally prescribed or extended by a previous order; or

(2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but, the court may not extend the time for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), to correct errors under Rule 59(C), or to obtain relief from final judgment under Rule 60(B), except to the extent and under the conditions stated in those rules.

Bard's first request for additional time to plead came after the expiration of the thirty (30) days granted by the court on April 23; therefore, any enlargement of time would had to have been pursuant to subdivision (B)(2) of the rule. Comparing the language of (B)(2)—"upon motion made"— with the language of (B)(1)—"with or without motion or notice, if request is made"— it is clear that any request for an enlargement of time made *after the expiration* of the specified period must be made by motion. Trial Rule 7(B) requires:

**Motions and Other Papers.** Unless made during a hearing or trial, or otherwise ordered by the court, an application to the court for an order shall be made by written motion. The motion shall state the grounds therefor and the relief or order sought. The requirement of notice is satisfied by service of the motion.

■ Thus, Bard was required to seek its extension of time by written motion stating the grounds therefor. See, 4 Wright & Miller, *Federal Practice and Procedure:* § 1165, p. 621. The trial court erred in allowing the request and approving it *ex parte* when no written motion was before the court. Moreover, the procedure under T.R. 6(B)(2) requires that a motion for enlargement made after the expiration of the time be granted upon a showing of excusable neglect. The record does not reflect that the trial court made any finding of excusable neglect which would entitle Bard to an extension of time.

■ The extension granted by the court on October 26 was likewise defective in that no written motion was made nor was any ground for excusable neglect shown. Even if we were to construe Bard's motion, denominated Motion for Leave to File Amended Complaint, as a written motion for enlargement of time within which to plead, Bard's motion alleged no grounds for the failure to plead earlier, much less any grounds which would establish excusable neglect.

With all due respect to the dissenting opinion, we point out that since there was no complaint before the court prior to November 7, there was nothing upon which to enter judgment; the defendants could not have moved for judgment on a complaint that had been withdrawn. The cause was, in effect, dismissed when the first amended complaint was dismissed. Moreover, both requests for extension of time were made *ex parte* and the record does not indicate that the defendants were notified so as to have registered an objection. The defendants did, in fact, object at their first opportunity—when Bard filed its proposed amended complaint on November 7.

■ With the requirements of Trial Rules 6 and 7 in mind and recognizing further that the timeliness of amended pleadings is a matter within the trial court's discretion, *State Farm Mutual Auto Ins. Co. v. Shuman* (1977) 175 Ind. App. 186, 370 N.E.2d 941, 948, we are unable to say that the trial court abused its discretion in dismissing Bard's amended complaint as not timely filed.

The judgment of dismissal is affirmed.

HOFFMAN, J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I agree with the majority's analysis of what Trial Rules 12(B) and 15(A) contemplate should occur concerning the time limitations for filing an amended complaint after the court has granted a TR 12(B)(6) motion to dismiss. When Bard failed to file its amended complaint within the time allowed at the April 23, 1984 hearing or within the time allowed after it appeared on June 1, 1984 the appellees could have moved for judgment. They did not.

The court could *sua sponte* have entered a judgment. It did not.

When Bard again appeared and requested an extension on October 26, 1984 the court could have set the matter for hearing. But, again, it did not. What the court did do was grant Bard an extension to November 26, 1984 within which to file its amended complaint. No objection to that extension was filed by anyone.

Under these facts it was *clearly* an abuse of discretion for the court to then determine that the amended complaint filed November 7, 1984 was untimely.

Moreover while the amended complaint may state alternative and inconsistent theories, it plainly asserts liability of the defendants on the theory of either an oral contract or on quantum meruit. At this stage of the proceedings it was not subject to dismissal. *Martin v. Shea* (1984), Ind., 463 N.E.2d 1092.

The judgment should be reversed and the case remanded.