Gregory L. HUFF and Susan J. Huff,
husband and wife, Appellants–
Defendants,

v.

Theodore LANGMAN and Betty J.
Langman, husband and wife,
Appellees–Plaintiffs.

No. 50A03–9408–CV–299.

Court of Appeals of Indiana,
Third District.

Feb. 22, 1995.

E. Nelson Chipman, Jr., Plymouth, for appellant.

James E. Easterday, Easterday & Ummel, Plymouth, for appellee.

## OPINION

STATON, Judge.

Gregory L. Huff and Susan J. Huff (collectively "Huffs") appeal the trial court's order granting Theodore Langman and Betty J. Langman's (collectively "Langmans") motion for summary judgment. The Huffs raise three issues for our review, which we consolidate into two and restate as follows:

I. Whether the trial court erred in granting Langmans' motion for summary judgment.

II. Whether the trial court erred in denying Huffs' motion for leave to file an amended answer and cross-claim.

We affirm.

The facts most favorable to the Huffs reveal that in August 1992, Huffs purchased by quitclaim deed approximately 6.8 acres of land in Marshall County, Indiana. A portion of the land purchased by the Huffs is an abandoned railroad right-of-way purportedly owned by the U.S. Railroad Vest Corporation as assignee of the Penn Central Railroad Corporation. After acquiring the quitclaim deed, Huffs made numerous improvements upon the land.

Langmans own the adjoining land to the east of the Huffs, which property the Langmans acquired by quitclaim deed in 1978. On August 10, 1994, Langmans filed a Complaint to Quiet Title of Real Estate in the Marshall Circuit Court. Langmans' complaint alleged that they were the rightful owners of the eastern half of the Huffs' land, because the railroad's interest in the land had reverted to adjoining landowners after abandonment of the right-of-way.

Langmans filed a motion for summary judgment. Thereafter, Huffs filed a motion to amend their answer and file a cross-claim challenging the chain of title of the Langmans' property. The trial court granted the Langmans' motion, finding that as a matter of law, one-half of the right-of-way reverted to the eastern adjoining landowner upon abandonment by the railroad. The trial court denied Huffs' motion to file an amended answer and cross-claim. It is from this order that the Huffs appeal.

### I.

*Summary Judgment*

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will

consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

▮▮ The Huffs do not challenge the trial court's determination that the land at issue was a railroad right-of-way subject to reversion.[1] Instead Huffs argue that a factual dispute exists regarding the Langmans' ownership of the land adjoining the abandoned railroad right-of-way, because the Langmans' land is itself an abandoned railroad right-of-way. Huffs' contend that because Langmans' ownership of the adjacent strip is disputed, and ownership of the adjacent strip is necessary for the eastern half of Huffs' land to have reverted to Langmans, summary judgment is inappropriate.

▮ The record reveals otherwise. The documents reflecting Langmans' chain of title indicate that in 1910, Nellie Seltenright conveyed the tract of land "for interurban railway purposes only" to the South Bend and Logansport Traction Company. This conveyance gave the South Bend and Logansport Traction Company an easement in the property for railroad use. However, subsequent conveyances in the chain of title were effectuated by tax deeds, after Marshall County obtained the property for nonpayment of taxes. Indiana law provides that a properly executed tax deed[2] vests in the grantee an estate in fee simple absolute. Ind.Code § 6–1.1–25–4(d) (Supp.1994).[3] Because the Marshall County Commissioners, from whom Langmans purchased the land, held a tax deed to the land, they owned the land in fee simple absolute. When the Commissioners transferred their entire interest in the land to Langmans by quitclaim deed in 1978, Langmans necessarily acquired fee simple title to the land. Langmans are therefore the lawful owners of the property adjacent to the abandoned railroad right-of-way.

▮ The Huffs next argue that their affirmative defenses of laches and estoppel raise genuine issues of material fact precluding summary judgment. Huffs base this assertion on *Erie–Haven Inc. v. First Church of Christ* (1973), 155 Ind.App. 283, 292 N.E.2d 837, *trans. denied,* in which this court determined that factual inferences regarding whether owners of a subservient estate were estopped to assert termination of an easement made summary judgment improper. Huffs' argument is without merit. The record indicates that in their brief in opposition to Langmans' summary judgment motion, Huffs failed to designate any evidence from which the trial court could infer the elements of laches or estoppel.[4] As a result, Huffs failed to meet their burden to set forth specific facts demonstrating a genuine issue for trial. T.R. 56(C).

## II.

### *Denial of Motion to Amend*

▮ The Huffs contend that the trial court erred in denying their motion to file an amended answer and cross-claim. However, because Huffs fail to support this contention with cogent argument and citation to relevant authority, it is waived for purposes of

1. The trial court's conclusion is based on the rule that when a landowner conveys some interest in land to a railroad, and in so doing limits use of that land "for railroad purposes only", the landowner conveys an easement to the railroad. *Richard S. Brunt Trust v. Plantz* (1983), Ind.App., 458 N.E.2d 251, 253. The easement terminates upon abandonment by the railroad, at which time fee simple interest in the land reverts to the adjoining landowners. *Id.* at 256.

2. There is no evidence in the record indicating that the validity of the several tax deeds in Langmans' chain of title was ever challenged.

3. Although this is a present codification of the rule, prior decisions of our courts indicate that this statutory rule existed prior to the time that the tax deeds in question were executed. *See e.g., Quinn v. Stein* (1959), 130 Ind.App. 20, 24, 161 N.E.2d 622, 624 (citing Burns Ann.St. § 64–2404 (1951)); *Allen v. Gilkison* (1921), 76 Ind.App. 233, 240, 132 N.E. 12, 20 (citing Burns Ann.St. § 10380 (1914)).

4. Regarding the improvements Huffs made to the property at issue, Huffs are not without legal recourse. As the trial court's order indicates, Huffs are entitled to the protections provided in the Occupying Claimant Act, Ind.Code § 34–1–49–1 *et seq.*

this appeal. Ind.Appellate Rule 8.3(A)(7); *Garrod v. Garrod* (1992), Ind.App., 590 N.E.2d 163, 172, *reh. denied.*

 Notwithstanding waiver, Huffs argument is without merit. Whether to permit amendments to pleadings is within the discretion of the trial court and will only be reviewed for abuse of that discretion. T.R. 15(A); *Bard Elec. v. Insurance Co. of North America* (1986), Ind.App., 494 N.E.2d 346, 347, *trans. denied.* Huffs proposed amended answer and cross-claim was based on their challenge to Langmans' chain of title, which we determined to be meritless. Accordingly, we cannot conclude that the trial court's denial of Huffs' motion thereon was an abuse of discretion.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.