Thomas KELLY, D.O., Appellant–Defendant,

v.

Marilyn BENNETT and Richard Bennett, Appellees–Plaintiffs.

No. 45A03–0210–CV–333.

Court of Appeals of Indiana.

July 31, 2003.

---

Kevin C. Tyra, Tyra & Collesano, P.C., Indianapolis, IN, Attorney for Appellant.

John M. Kopack, Kopack & Associates, Merrillville, IN, Attorney for Appellees.

## OPINION

KIRSCH, Judge.

Thomas Kelly, D.O. appeals the trial court's decision denying his motion to amend his answer, raising the following issue for review: whether the trial court abused its discretion in denying his motion to amend his answer to add a nonparty defense twenty months after he filed his answer.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 21, 1998, Kelly performed an abdominoplasty on Marilyn Bennett.

Bennett returned for a follow-up office visit on September 25, 1998. The following day, she went to the emergency room, where she was treated for an infection at the site of the procedure. The treatment included a radical debridement by Dr. Michael Malczewski, a plastic surgeon. Bennett has since required further treatment.

On October 22, 1998, Marilyn and Richard Bennett filed a complaint[1] against Kelly alleging that Kelly committed medical malpractice. On December 1, 1998, the Bennetts moved for default judgment; the trial court granted the motion the following day. Kelly's counsel entered his appearance on December 30, 1998.

Kelly filed a motion to set aside the default judgment on February 1, 1999. After a hearing, the trial court denied the motion. Kelly appealed, and this court reversed the trial court's decision in a memorandum decision on July 31, 2000, holding that the Bennetts did not properly serve Kelly with their complaint or summons because the sheriff left a copy of the summons and complaint at Kelly's place of business and mailed a copy to the same address via regular mail and therefore did not comply with Ind. Trial Rule 4. *See Kelly v. Bennett,* 732 N.E.2d 859 (Ind.Ct. App. 2000).

The case was remanded to the trial court, and on September 21, 2000, Kelly filed an answer in which he reserved the right to "plead such additional affirmative defenses as may be determined in the course of discovery." *Appellant's Appendix* at 27.

Kelly began conducting discovery and requested to depose the Bennetts on October 25, 2000. The Bennetts' counsel responded by letter on November 21, 2000

---

1. The record before us does not disclose why the Bennetts did not submit their proposed complaint with the Indiana Department of Insurance for review by the medical review panel.

with dates beginning on March 13, 2001. Kelly deposed the Bennetts on April 19, 2001. On that same day, the Bennetts' counsel stated that he would schedule the deposition of Malczewski. On November 13, 2001, the Bennetts' counsel sent a letter informing Kelly's counsel that the deposition would take place on March 14, 2002. As a result of this deposition, Kelly's counsel formed the opinion that Malczewski should be named as a nonparty under the Indiana Comparative Fault Act. Kelly filed a motion for leave to amend his answer on May 9, 2002 to add the nonparty defense. The Bennetts filed a response in opposition to the amendment. The trial court denied the motion for leave to amend. Kelly moved the court to certify its decision for interlocutory appeal, which it granted. This court then accepted jurisdiction of the appeal.

## DISCUSSION AND DECISION

Kelly contends that the trial court erred in denying him leave to amend his complaint to add the nonparty defense when he was not served with the Bennetts' complaint and summons more than 150 days before the running of the two-year statute of limitations for their claim of medical malpractice, and he could not have known of the availability of the defense within the time limits described in the rule. The decision whether to grant or deny a motion to amend is within the discretion of the trial court and may be reversed only upon a showing of abuse of discretion. *McClain v. Chem–Lube Corp.*, 759 N.E.2d 1096, 1105 (Ind.Ct.App.2001), *trans. denied* (2002); *Schultheis v. Franke*, 658 N.E.2d 932, 936 (Ind.Ct.App.1995), *trans. denied* (1996); *Huff v. Langman*, 646 N.E.2d 730, 733 (Ind.Ct.App.1995).

IC 34–51–2–16 governs the amendment of an answer to assert a nonparty defense. It requires a defendant to plead the defense in its answer if the existence of the defense is known at that time. *Schultheis*, 658 N.E.2d at 936. If a defendant gains actual knowledge of a nonparty defense after the filing of an answer, he may plead the defense with reasonable promptness. IC 34–51–2–16; *Schultheis*, 658 N.E.2d at 936. It then states:

"However, if the defendant was served with a complaint and summons more than one hundred fifty (150) days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty, the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. The trial court may alter these time limitations or make other suitable time limitations in any manner that is consistent with:

(1) giving the defendant a reasonable opportunity to discover the existence of a nonparty defense; and

(2) giving the claimant a reasonable opportunity to add the nonparty as an additional defendant to the action before the expiration of the period of limitation applicable to the claim."

Thus, when service occurs more than 150 days before the expiration of the statute of limitations, the rule governing the amendment to assert a nonparty defense strikes a balance between providing a reasonable opportunity to the defendant to discover and assert a nonparty defense and providing a reasonable opportunity to the claimant to join the alleged nonparty before expiration of the statute of limitations. Where service does not occur more than 150 days before the expiration of the statute of limitations and the defendant gains knowledge of a nonparty defense after the filing of the answer, the statute imposes

the burden on the defendant to plead the defense with reasonable promptness.

■ Here, the Bennetts' complaint arose from events which occurred on September 21 and September 25, 1998. Accordingly, the statute of limitations applicable to their claim would have run on September 25, 2000. *See* IC 34–18–7–1 (statute of limitations for medical malpractice claims is two years after the date of the act or omission). As we determined in the previous appeal, Kelly was not properly served on the Bennetts' first attempt in December 1998, nor was he served at any time prior to the date upon which our opinion in the previous appeal was certified, September 11, 2000, only fourteen days before the expiration of the limitations period. Kelly filed his answer ten days later. Assuming Kelly did not know about the existence of a nonparty defense at such time, he was not required to assert the defense in his answer. We agree with Kelly that the clause asserting the rule if 150 days remain in the limitations period does not apply because he was not served within that time period. Accordingly, the appropriate standard governing the pleading of the defense is that he must have done so with "reasonable promptness."

■ In this case, Kelly deposed the Bennetts seven months after filing his answer, at which time he learned about Malczewski's role in Marilyn Bennett's treatment. Malczewski was deposed on March 14, 2002, and Kelly believed from that deposition that Malczewski should have been named as a nonparty. He then filed his motion for leave to amend his answer to assert Malczewski as a nonparty. All

told, Kelly filed his motion for leave to amend twenty months after his answer.

Given these facts, we do not believe the trial court abused its discretion. Kelly had the burden of asserting his nonparty defense with reasonable promptness. In denying Kelly's motion to amend his answer, the trial court determined that, where more than one and one-half years elapsed between the answer and the motion for leave to amend, the motion was not filed with reasonable promptness.[2]

Kelly argues that he should not bear the burden of pursuing discovery and developing his litigation strategy during the time his appeal was pending. However, this is not the appropriate focus here. Rather, we focus solely on the delay between Kelly's filing of his answer and his motion for leave to amend that answer. Doubtless Kelly would have us attribute some of this delay to scheduling conflicts and the actions of the Bennetts' counsel. Without regard to the actions of others, the statute imposes the duty on Kelly to assert the defense with reasonable promptness. While Kelly may argue that the "reasonable promptness" requirement applies to that period of time after a defendant learns of the existence of a nonparty defense, the purpose of the requirement is confounded if a defendant takes little action to discover such a defense until a substantial delay has occurred. We believe some degree of diligence in investigating any possible nonparty defense is warranted. Kelly has failed to show that he raised the defense with reasonable promptness, and the trial court did not abuse its discretion in denying the motion for leave to amend.

---

**2.** Had Kelly been served 150 days prior to the expiration of the statute of limitations, he would have had 105 days to determined the existence of a nonparty defense and take appropriate steps to assert it. Here, some six

Affirmed.[3]

MAY and MATHIAS, JJ., concur.

hundred days elapsed from the time of Kelly's answer to his motion for leave to amend.

**3.** Kelly also cites Ind. Trial Rule 15, which permits a party to seek leave of court to amend his pleading. However, he fails to provide any argument as to how this rule supports his position. Accordingly, it is waived for failure to comply with our appellate rules. *See* Ind. Appellate Rule 46(A)(8); *Paulson v. Centier Bank,* 704 N.E.2d 482, 486 n. 1 (Ind.Ct.App.1998), *trans. denied* (1999) (failure to present a cogent argument in appellate brief waives issue).